UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

CLAYTON HOWARD,

     Plaintiff,

v.

JENNA VENTOLA;
FRANCYNA EVINS; et al.,

     Defendants.

Civil Action No. 2:26-cv-01101-SDW-SDA

PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR COURT
-ORDERED ALTERNATE SERVICE OF
PROCESS

## I.  PRELIMINARY STATEMENT

Plaintiff Clayton Howard moves for an Order authorizing alternate service of process on
Defendant Francyna Evins ('Evins') pursuant to Fed. R. Civ. P. 4(e)(1) and the Court's inherent
equitable authority. Despite the United States Marshals Service's diligent attempt to personally
serve Evins at her verified workplace, The Armory Foundation, service was prevented by that
entity's blanket policy prohibiting process servers from its premises. Plaintiff has no other known
physical address for Evins. Evins, however, maintains active, verified accounts across multiple
electronic platforms that provide an alternative, constitutionally adequate means of providing her
actual notice. Plaintiff also requests, to the extent warranted by applicable state law incorporated
through FRCP 4(e)(1), that the Court direct the USMS to leave process at Evins's verified place
of employment notwithstanding the Armory's resistance, as private employer policies cannot
override the authority of a federal court order or controlling service statutes.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 4(e) governs service upon an individual within a judicial district.
Subsection 4(e)(1) provides that service may be made by 'following state law for serving a
summons in an action brought in courts of general jurisdiction in the state where the district court
is located or where service is made.' Fed. R. Civ. P. 4(e)(1). Subsection 4(e)(2) additionally

provides for personal delivery, substituted service at the defendant's dwelling, or delivery to an authorized agent. Where conventional service is unavailing, a federal court retains 'broad equitable authority' to craft a manner of service reasonably calculated to provide actual notice. See *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ('[S]ervice of process . . . must be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (observing courts must adapt service methods to modern realities). Courts in this Circuit and the neighboring Second Circuit have consistently found that this constitutional floor — actual notice — is what governs the adequacy of any means of service. See, e.g., *FTC v. PCCare247 Inc.*, No. 12 Civ. 7189, 2013 WL 841037, at 3–5 (S.D.N.Y. Mar. 7, 2013); *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 366 (E.D.N.Y. 2016).

   III.  COURT-ORDERED ALTERNATE SERVICE IS WARRANTED AND AUTHORIZED

A.  FRCP 4(e)(1) Incorporates State Law Authorizing Court-Ordered Alternate Service. Because this action is pending in the District of New Jersey, New Jersey law applies under FRCP 4(e)(1). New Jersey Court Rule 4:4-4(b)(3) provides for court-ordered service 'in such manner as the court, upon motion and for good cause shown, directs' when service cannot be made in any other manner. Similarly, where the defendant's place of employment is known but personal service at the premises is blocked, courts applying New York law (which governs where service is attempted — at the Armory in New York) pursuant to FRCP 4(e)(1)'s alternative 'state where service is made' provision, CPLR § 308(5) permits the court to 'direct that summons be served in such manner as the court, upon motion without notice, directs.' New York courts have liberally construed this provision to authorize service by email and social media. See *Baidoo v. Blood-Dzraku*, 48 Misc. 3d 309, 5 N.Y.S.3d 709 (Sup. Ct., N.Y. Cty. 2015) (authorizing service via Facebook private message as sole means of service where defendant had no ascertainable address); *Ferrarese v. Shaw*, 164 F. Supp. 3d at 366 (E.D.N.Y. 2016) (applying CPLR 308(5) in federal court to authorize alternate means).

B.  The Standard for Alternate Service Is Satisfied Here.

The inquiry is whether the proposed method is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action.' *Mullane*, 339 U.S. at

314. Courts in this jurisdiction and the Second Circuit apply this standard rigorously. In *Ferrarese v. Shaw*, 164 F. Supp. 3d 361 (E.D.N.Y. 2016), the court authorized service by email where the defendant was known to use the email account and personal service was unavailing. The court emphasized that the proposed method must be one 'likely to reach the defendant.' Id. at 366. Similarly, in *FTC v. PCCare247 Inc.*, 2013 WL 841037 (S.D.N.Y. 2013), the Southern District of New York held that service by email and Facebook was 'reasonably calculated to provide defendants with notice' when the defendants' email addresses were verified and their Facebook accounts were in active use. Id. at 5.

Here, all three requirements for court-ordered alternate service are met. First, Plaintiff has exhausted conventional service. The USMS attempted personal service at the Defendant's verified place of employment and was refused entry. Plaintiff has no home address for Defendant Evins. Second, the proposed methods — verified email accounts associated directly with Defendant Evins's employment and personal identity, as well as her active social media profiles — are reasonably calculated to provide actual notice. Third, the Defendant's active and regular use of these accounts is established by Plaintiff's certification and observations of recent activity. See *Baidoo*, 5 N.Y.S.3d at 714–15 (requiring showing that (1) the account belongs to defendant, (2) defendant actively uses it, and (3) backup service is provided if warranted).

C.  Electronic and Social Media Service Satisfies Due Process.

The constitutional requirement of due process does not mandate any particular method of service; it requires only that the chosen method be reasonably likely to inform the defendant of the action. *Mullane*, 339 U.S. at 314. Modern courts have uniformly recognized that email and social media satisfy this standard where those channels are verified and actively used by the defendant. *PCCare247 Inc.*, 2013 WL 841037, at 4–5 (S.D.N.Y.) (service by Facebook and email comports with due process where accounts are authentic and active); *Ferrarese*, 164 F. Supp. 3d at 366 (E.D.N.Y. 2016) (email service appropriate where defendant was known to use the account); *In re International Telemedia Associates, Inc.*, 245 B.R. 713, 719–20 (Bankr. N.D. Ga. 2000) (authorizing email service as first-ever reported U.S. instance). By combining email service to Defendant's verified work address (fevins@armorytrack.org), personal email addresses, and direct messaging via Facebook, TikTok, and Instagram, Plaintiff proposes a multi-channel approach that is far more likely to apprise Defendant Evins of this action than publication in a newspaper.

IV.  THE COURT SHOULD ORDER THE USMS TO LEAVE PROCESS AT DEFENDANT'S PLACE OF EMPLOYMENT

A.  New Jersey and New York State Law Authorize Substitute Service at a Place of Business.

Under New Jersey Court Rule 4:4-4(a)(1)(B), personal service on an individual may be made 'at the defendant's place of business or employment by leaving a copy of the summons and complaint with the person in charge of such office.' Under New York CPLR § 308(2) — applicable under FRCP 4(e)(1) as the law of the state where service is attempted — service may be made by 'delivering the summons . . . to a person of suitable age and discretion at the actual place of business . . . of the person to be served.' Both provisions plainly contemplate service at an employment location and do not condition that right upon the employer's consent or goodwill.

B.  An Employer's Private Policy Cannot Override Valid Service Authority.

The Armory Foundation, through counsel, has asserted a 'long-standing, strictly held policy of not allowing service of process on its premises.' (Dkt. 13, p. 2.) This private institutional policy has no legal force against a federal court's order or against the provisions of New Jersey and New York law. Courts have consistently held that 'service cannot be undermined by an employer's policy discouraging or prohibiting service of process.' *Corrado v. New York Unified Court System*, 163 F. Supp. 3d 1, 10 (E.D.N.Y. 2016); see also *Templos v. Luna Cuisine, Inc*., 738 F. Supp. 3d 325, 330 (S.D.N.Y. 2024) (employer's refusal does not invalidate service attempt). The Third Circuit, sitting as the circuit court for this district, has recognized that service statutes must be liberally construed in favor of service to prevent defendants from evading the judicial process. See *Grand Entertainment Grp., Ltd. v. Star Media Sales, Inc*., 988 F.2d 476, 492 (3d Cir. 1993) ('The provisions of Rule 4 are to be construed liberally to effectuate service.').

C.  Defendant Was Physically Present at the Premises.

The USM-285 return reflects that the USMS visited the Armory on March 19, 2026. The institution's own counsel confirmed that the Defendant is an employee thereof, and acknowledged that service attempts related to its employees prompted their response. Plaintiff avers, and will demonstrate at a hearing if required, that Defendant Evins is regularly present at the Armory in her professional capacity. Under N.J. Ct. R. 4:4-4(a)(1)(B) and CPLR § 308(2), the appropriate remedy where access to the defendant's place of business is denied is not abandonment of service, but a court order directing that service be left with the person in charge. *See Felton v. Monroe Community College*, 528 F. Supp. 3d 122, 128 (W.D.N.Y. 2021)

(substitute service at place of business valid even absent direct personal hand-off where diligent attempts made).

D.  The Court's Inherent Authority Supports This Relief.

Beyond the specific statutory authorization, this Court possesses inherent equitable authority to fashion service orders that advance the purposes of Rule 4 and protect the plaintiff's right of access to courts. See *Hanna v. Plumer*, 380 U.S. 460, 473 (1965); Grand Entertainment, 988 F.2d at 492. Where the USMS — the arm of this Court tasked with effecting service — has been actively obstructed by a third party (the Armory), a court order directing the USMS to leave process at that location is a necessary and appropriate exercise of the Court's authority to ensure compliance with its own processes.

## V.  PROPOSED FORM OF SERVICE

Plaintiff respectfully proposes that the Court authorize the following concurrent methods of alternate service, any one of which upon completion shall constitute effective service of process in this matter:

1.  Email transmission to: fevins@armorytrack.org, attaching the Summons and Complaint;

2.  Email transmission to: francyna.aonereset@gmail.com, attaching the Summons and Complaint;

3.  Email transmission to: francynaevins@icloud.com, attaching the Summons and Complaint;

4.  Direct message via Facebook (facebook.com/francynaevins) transmitting notice of the action and a link to or attachment of the Summons and Complaint;

5.  Direct message via TikTok (tiktok.com/francynaevins) transmitting notice of the action;

6.  Direct message via Instagram (instagram.com/francynaevins) transmitting notice of the action;

7.  To the extent the Court so orders: direction to the USMS to return to 216 Fort Washington Avenue, New York, NY 10032, and to leave a copy of the Summons and Complaint with any person of suitable age and discretion found thereat, including but

not limited to a supervisor, manager, or security officer, with a concomitant mailing of copies to the same address by first-class mail.

Plaintiff further requests that the Court deem service complete upon the transmission of any of the methods enumerated in paragraphs (1)–(6) above, or upon the leaving of process as described in paragraph (7), with Defendant Evins accorded twenty-one (21) days from the date of such service to respond.

## VI.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion in its entirety and enter an Order authorizing alternate service of process on Defendant Francyna Evins by the means set forth herein, and directing the USMS to return to Defendant's verified place of employment and leave process thereat, to the extent the Court finds such relief warranted under applicable law.

Dated: March 30, 2026

Respectfully submitted,

*Clayton Howard*

Clayton Howard

Plaintiff, Pro Se

24 Orchard Street

Carteret, New Jersey 07008

(929) 781-7791