**CYNTHIA H. HARDAWAY, ESQ.**
**17 Washington Street, 1st Fl.**
**Montclair, New Jersey 07042**
**(973) 725-4300**
**Appearing Pro se**

| | |
|---|---|
| **CLAYTON HOWARD,** | **UNITED STATES DISTRICT COURT** |
| | **DISTRICT OF NEW JERSEY** |
| **Plaintiff,** | |
| | **CIVIL ACTION NO.: 2:26-cv-** |
| **v.** | **01101-SDW-SDA** |
| **JENNA VENTOLA, et als.** | |
| **Defendants.** | |

---

### BRIEF IN SUPPORT OF PRO SE
### MOTION TO DISMISS COMPLAINT

---

Cynthia H. Hardaway, Esq.
17 Washington Street, 1st Fl.
Montclair, New Jersey 07042
(973)725-4300
Appearing pro se

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ........................... ii

PRELIMINARY STATEMENT........................... 1

STATEMENT OF FACTS.............................. 1

LEGAL ARGUMENT ................................. 3

**POINT I**

      **STANDARD OF REVIEW**..................... 3

**POINT II**

      **LEGAL REQUIREMENT FOR SUFFICIENCY
OF PLAINTIFFS' COMPLAINT**................ 4

**POINT III**

      **DEFENDANT'S RECYCLED COMPLAINT SHOULD
BE DISMISSED WITH PREJUDICE AGAIN**....... 6

**CONCLUSION** ..................................... 9

-i-

## TABLE OF AUTHORITIES

**Cases Cited**                                                    Page

Ashcroft v. Iqbal,

129 S. Ct. 1937 (2009) ........................... 4

Hanes v. Kerner, 404 U.S. 519 (1997) ............. 5

Howard v. New Jersey, et al.,

Civil Action No. 24-7661

(D.N.J Decided June 6, 2025) .................... 5

Jersey Cent. Power & Light Co. v.

Mala v. Crown Bay Marina, Inc., 704 F.3d 239

(3d Cir. 2013).................................... 5

Nami v. Fauver, 82 F.3d 63

(3d Cir. 1996).................................... 3

Watson v. Abington Twp., 478 F.3d 144

(3d Cir. 2007).................................... 3

Yoder v. Wells Fargo Bank, N.A.,

566 F. Appx 138 (3d Cir. 2014)................... 5

Statutes Cited

Fed. R. of Civ. Rule 12(b)(6)................  3

Fed. R. of Civ. Pro. 8(a)(2)................  4, 5

Fed. R. of Civ. Pro. 8(d)(1)................  5

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of my pro se motion to dismiss plaintiff's case for failure to state a claim and improper service.

## STATEMENT OF FACTS

Plaintiff's amended complaint in this matter is largely incoherent.   (See Dkt. No. 11).   Based on the named defendants, plaintiff's amended complaint seems to be centered around a criminal prosecution wherein I was the defense attorney representing co-defendant Francyna Evins (Evins), plaintiff was the alleged victim, and co-defendant Jenna Ventola (Ventola)-of the co-defendant Essex County Prosecutor's Office (Essex County)-was the prosecutor.   However, plaintiff already filed a federal complaint with this Court in 2024 based on this same event that subsequently was dismissed WITH PREJUDICE. (See Exhibits A and B).   There has been no new criminal litigation involving me, Evins, and Ventola since plaintiff's 2024 federal complaint was dismissed.

Furthermore, plaintiff filed a complaint in State court against me and Evins in 2026 based on the same criminal prosecution that served as the basis for his dismissed 2024 federal complaint.   (Exhibit C).   Here, plaintiff has also named three sitting Judges of the Essex County Superior Court as defendants, two of whom I have never appeared before in connection with Evins.   The third Judge

did preside over my client Evins' 2025 motion to vacate a final restraining order (FRO) plaintiff somehow was able to secure against her in 2022. That 2022 FRO finally was vacated on March 11, 2026, and plaintiff since has filed a Notice of Appeal. (Exhibit D).

# LEGAL ARGUMENT

## POINT I

## STANDARD OF REVIEW

In dismissing claims under Rule 12(b)(6), the Court "must determine whether, under any reasonable reading of the pleadings, the plaintiffs may be entitled to relief, and we must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."   Watson v. Abington Twp., 478 F.3d 144, 150 (3rd Cir. 2007), quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).   "At this stage of the proceedings, '[t]he complaint will be deemed to have alleged sufficient facts if it adequately puts the defendants on notice of the essential elements of plaintiff's cause of action.'"

Here, plaintiff's complaint is entirely incomprehensible and my efforts to decipher it proved futile.

3

## POINT II

## LEGAL REQUIREMENT FOR SUFFICIENCY OF PLAINTIFFS' COMPLAINT.

Defendant's complaint does not sufficiently allege liability on my part.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. . . . [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. . . .  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. . . .  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . .  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .  The plausibility standard is not akin to a probability requirement, but asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id.

A determination "whether a complaint states a plausible claim for relief will. . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

4

complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. citing, Fed. Rule Civ. Proc. 8(a)(2).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.   While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.   When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id.

As this Court previously pointed out when addressing plaintiff's dismissed 2024 complaint, "although federal courts liberally construe *pro se* complaints and hold them 'to less stringent standards than formal pleadings drafted by lawyers,'. . . the complaint must still state a plausible claim for relief. . . ." Howard v. New Jersey, et al., Civil Action No. 24-7661 at *2-3, (D.N.J. Decided June 6, 2025), quoting Hanes v. Kerner, 404 U.S. 519, 520 (1972) and Yoder v. Wells Fargo Bank, N.A., 566 F. App'x 138, 141 (3d Cir. 2014) (See also Exhibit A, at p. 2-3). "Pro se litigants 'must allege sufficient facts in their complaints to support a claim,' . . . , and those factual allegations "must be simple, concise, and direct." Id. at *3, quoting Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013), and Fed. R. Civ. P. 8(d)(1), (See also Exhibit A, at p.3).

Here, plaintiff's 242 paragraph amended complaint seems to be offended by

5

the any notion of "concise, simple, and direct" with those concepts losing all potential directly after the caption; thereby, leaving me to struggle with the remaining gibberish in cerebral exasperation.

## POINT III

### DEFENDANT'S RECYLED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE AGAIN.

Plaintiff already sued me, Evins, and Ventola in 2024 with respect to a criminal prosecution of Evins in the Essex County Superior Court of New Jersey. This Court dismissed that complaint WITH PREJUDICE.   (Exhibit B ).   In its opinion, the Court determined that the State of New Jersey is immune from suit and that the Essex County Prosecutor's Office is "not a separate entity for purposes of § 1983 liability, such that it cannot be held liable."   (Exhibit A, at p. 4). Regarding plaintiff's then federal claims against Ventola, the Court ruled that "[p]laintiff's § 1983 claims against Assistant Prosecutor[ ] Jenna Ventola. . . are likewise barred, as they sound squarely in the functions and responsibilities of a prosecutor."   (Exhibit A, at p. 4-5).   Since I have had no case (criminal or otherwise) involving Ventola since the dismissal of plaintiff's first federal complaint, there are no new claims for plaintiff to assert and his refiling of claims that were previously dismissed WITH PREJUDICE should not be entertained now.

6

Plaintiff's 2024 federal complaint was also dismissed against me for failure to effectuate proper service.   (Exhibit A, at p. 5).   Here, I was never served with the instant complaint but instead the U.S. Marshals dropped off a complaint entitled <u>Khalid Machich v. Town of Harrison</u>, filed under Civil Action No. 25-15378.   (See Exhibit E).   I do not know any of these people and/or entities.   As such, service was not properly effectuated here either.   Also here, plaintiff named three sitting Judges of the Essex County Superior Court defendants but as indicated in this Court's 2025 decision, those related claims are "barred by the doctrine of judicial immunity."   (Exhibit A, at p. 5).   Moreover, any pendant State claims this Court previously declined to address (Exhibit A, at p. 7), should have been raised in plaintiff's 2026 State complaint against me and Evins, which is based on the same criminal prosecution included in plaintiff's 2024 federal complaint.   (Exhibit C).

Plaintiff's present complaint is nothing more than a restructuring of his previous 2024 federal complaint now dismissed WITH PREJUDICE. To put it bluntly, plaintiff is obsessed with his ex-girlfriend Evins and continues to file these baseless lawsuits in a desperate ploy to stay connected because she has not spoken to him since 2022 and wants absolutely nothing to do with him.   Plaintiff has further directed his ire towards me simply because I have represented Evins

7

successfully in various litigations.

In my view, this legal system should neither facilitate nor condone plaintiff's miserable efforts to continually harass Evins and retaliate against me for being her lawyer.   However, if plaintiff is determined to avail himself of the legal system in this despicable vein, he should at the very least file a pleading that is not hopelessly incomprehensible beyond redemption.

## **CONCLUSION**

Based on the foregoing, my <u>pro</u> <u>se</u> motion with respect to the dismissal of plaintiff's complaint should be granted.

Respectfully submitted,

By: <u>/s/Cynthia H. Hardaway</u>
　　 Cynthia H. Hardaway, Esq.
　　 Appearing <u>pro</u> <u>se</u>

Dated: April 5, 2026

9