EXHIBIT A

<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CLAYTON HOWARD, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF NEW JERSEY, et al., <br><br> Defendants. | Civil Action No. 24-7661 (SDW) (SDA) <br><br> **WHEREAS OPINION** <br><br> June 6, 2025 |

**THIS MATTER** having come before this Court upon Defendants the Essex County Prosecutor's Office and Assistant Prosecutors Jenna Ventola and Justin Edwab's ("Moving Defendants") Motion to Dismiss (D.E. 19 ("Motion")) Plaintiff Clayton Howard's ("Plaintiff") Second Amended Complaint (D.E. 16 ("SAC")); and

**WHEREAS** the facts underlying the SAC involve several state court proceedings involving Plaintiff and his ex-girlfriend, Defendant Francyna Evins ("Defendant Evins"). Although difficult to follow, this Court endeavors to parse through the factual and legal allegations contained in the SAC; and

**WHEREAS** it appears one of the underlying cases involves a criminal prosecution against Defendant Evins in the Criminal Part of Essex County Superior Court premised on Plaintiff's child abuse allegations. (SAC ¶ 13.) The other matter is a family court case in which Plaintiff obtained a Final Restraining Order ("FRO") against Defendant Evins on October 6, 2022. (SAC ¶¶ 1–3.) Plaintiff alleges that notwithstanding the FRO in place, on or about December 8, 2022, Defendant Evins traveled from Staten Island, New York, to Carteret, New Jersey and filed a complaint with

the Carteret Police Department ("CPD") against Plaintiff alleging harassment and false reports. (SAC ¶ 4.)  Defendant Evins reportedly also filed claims against Plaintiff with the Richmond County District Attorney's Office; it is unclear what those claims consisted of.  (SAC ¶ 24.) Notwithstanding, Plaintiff claims Defendant Evins mounted "a cyber campaign of harassment and intimidation," accusing Plaintiff of physical abuse and harassment from January 2023 to May 2024.  (SAC ¶ 14.)  Plaintiff's claims against the remaining Defendants appear to stem from their handling, or alleged mishandling, of the New Jersey state court matters.  (*See, e.g.*, SAC ¶ 16 (contending Plaintiff reached out to the Essex County Prosecutor's Office with an inquiry that went unanswered)); and

**WHEREAS** Plaintiff purports to assert violations of the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-2 *et seq.*, and several federal statutes, namely 42 U.S.C. §§ 1983, 1985, and 1986.[1]  (*See generally* SAC.)  Plaintiff asserts that his claims rest on federal question jurisdiction, 28 U.S.C. § 1331, and jurisdiction on the basis of 28 U.S.C. § 1343(a)(3).  (SAC ¶ 15); and

**WHEREAS** under Federal Rule of Civil Procedure ("Rule") 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  The pleading should "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957); and

**WHEREAS** although federal courts liberally construe *pro se* complaints and hold them "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S.

---

[1] Section 1983 provides a means to redress violations of federal law committed by state actors.  *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).  For a § 1983 cause of action, a plaintiff must demonstrate that (1) "the conduct complained of was committed by a person acting under color of state law" and (2) "the conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011); *see* 42 U.S.C. § 1983.

519, 520 (1972), the complaint must still state a plausible claim for relief, *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 (3d Cir. 2014). *Pro se* litigants "must allege sufficient facts in their complaints to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013), and those factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); and

**WHEREAS** "[f]ederal courts are courts of limited jurisdiction, and [this Court] must therefore be certain that there is a basis for [its] authority to hear each suit before proceeding to the merits." *Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 869–70 (3d Cir. 2022) (citing *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010)). This Court "ha[s] a continuing obligation to assess subject matter jurisdiction *sua sponte* at all stages of the proceeding." *Id.* at 869; *see Perry v. Gonzales*, 472 F. Supp. 2d 623, 626 (D.N.J. 2007) ("[L]ack of subject matter jurisdiction may be raised by the [c]ourt *sua sponte* at any time."); and

**WHEREAS** Moving Defendants argue that Plaintiff's claims are barred by the Eleventh Amendment's doctrine of sovereign immunity because neither Defendant has consented to suit. (D.E. 19-1 at 10.) Further, Moving Defendants contend their actions did not fall outside the scope of prosecutorial functions, such that there is no § 1983 liability under the Eleventh Amendment. (*Id.* at 10–11.) Moving Defendants add that Plaintiff's claims under § 1985 and § 1986 are futile because his § 1983 claim is baseless. (*Id.* at 11.) Lastly, Moving Defendants submit Plaintiff's constitutional claims under § 1983 or the NJCRA should be dismissed because the state Defendants are not "persons" amenable to suit under § 1983. (*Id.* at 12–14); and

3

**WHEREAS** this Court finds Plaintiff's claims against Moving Defendants are precluded by the Eleventh Amendment.[2]   First, as to the State of New Jersey, "[u]nder the Eleventh Amendment, 'an unconsenting State is immune from suits brought in federal courts by her own citizens.'" *Woodyard v. Cnty. of Essex*, 514 Fed. App'x 177, 182 (3d Cir. Mar. 5, 2013) (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)); and

**WHEREAS** county prosecutor offices are not an "entity" for purposes of § 1983 liability, *see Reitz v. County of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997), this Court finds that the Essex County Prosecutor's Office is not a separate entity for purposes of § 1983 liability, such that it cannot be held liable.[3]   *See Briggs v. Moore*, 251 Fed. App'x 77, 79 (3d Cir. Oct. 16, 2007) ("[T]he Monmouth County Prosecutor's Office is not a separate entity that can be sued under § 1983.") (citing *Reitz*, 125 F.3d at 148); *Carbonaro v. Glassboro Police Dep't*, No. 22-617, 2023 WL 2784386, at *4 (D.N.J. Apr. 5, 2023) (collecting cases); and

**WHEREAS** given that "[a] prosecutor is absolutely immune from a damage action under § 1983 for 'initiating and pursuing a criminal prosecution,'" Plaintiff's § 1983 claims against Assistant Prosecutors Jenna Ventola and Justin Edwab are likewise barred, as they sound squarely in the functions and responsibilities of a prosecutor.  *Watkins v. Att'y Gen. of N.J.*, No. 06-1391, 2006 WL 2864631, at *3 (D.N.J. Oct. 4, 2006) (quoting *Kalina v. Fletcher*, 522 U.S. 118, 124 (1997)); *see Carbonaro*, 2023 WL 2784386, at *5; *Palmerini v. Burgos*, No. 10-210, 2011 WL 3625104 at *8 (D.N.J. Aug. 15, 2011) ("[C]ourts within the Third Circuit have consistently and

---

[2] The Eleventh Amendment states:  "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."  U.S. CONST. amend. XI.

[3] Although Defendant the Middlesex County Prosecutor's Office has yet to be served, this Court finds Plaintiff's claims against it are similarly precluded.  *See Gibson v. Att'y Gen. Penna*, No. 20-1362, 2020 WL 13730075, at *1 (D.N.J. Nov. 5, 2020) (recommending *sua sponte* dismissal of the plaintiff's complaint for lack of subject matter jurisdiction, notwithstanding that the named defendants had yet to be served).

uniformly held that the Eleventh Amendment precludes federal suits against New Jersey county prosecutors, as well as their offices and staff, arising out of their law enforcement functions on the basis that the real party in interest in these suits is the State of New Jersey."); and

**WHEREAS** because Plaintiff's § 1983 claims fail, his § 1985 and § 1986 claims also fail. *See, e.g.*, *Melendez v. Port Auth. of N.J. & N.Y.*, No. 16-8362, 2019 WL 3068242, at *3 (D.N.J. July 11, 2019) (dismissing the plaintiff's § 1985 and § 1986 claims after finding the plaintiff failed to plead a § 1983 claim); *Wiltz v. Middlesex Cnty. Off. of Prosecutor*, 249 Fed. App'x 944, 949 (3d Cir. Sept. 19, 2007) (finding district court properly dismissed the plaintiff's § 1986 claim where her complaint failed to state a claim for malicious prosecution under § 1983 or § 1985).  In sum, this Court finds it lacks subject matter jurisdiction over Plaintiff's federal claims against Moving Defendants due to Moving Defendants' assertion of their Eleventh Amendment immunity; and

**WHEREAS** the remainder of Plaintiff's claims are dismissed for failure to effectuate service consistent with the requirements of Rule 4(m).[4]  To date, Plaintiff has failed to properly effectuate service on Defendants Francyna Evins, Cynthia Hardaway, the Carteret Police Department, Johnathan Defelice, Officer Torbino, Patrick Wallmack, Judge Allen Cumba, Judge Chandra Colemen, Sergeant Jason Hanes, and the Middlesex County Prosecutor's Office; and

**WHEREAS** however, even if Plaintiff had properly served Defendant Judges Allen Cumba and Chandra Colemen, Plaintiff's claims would be barred by the doctrine of judicial immunity.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); and

---

[4] Federal Rule of Civil Procedure 4(m) states, in relevant part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant."

5

**WHEREAS** likewise, Plaintiff fails to state a claim upon which relief could be granted against the Carteret Police Department and the Officer Defendants.[5]  The CPD is not a proper defendant for Plaintiff's § 1983 claim.  *See* N.J. Stat. Ann § 40A:14-118 (stating that New Jersey police departments are "an executive and enforcement function of municipal government); *Lane v. New Jersey*, No. 22-4239, 2022 WL 17829431, at *6 (D.N.J. Dec. 21, 2022) (dismissing *pro se* plaintiff's § 1983 claims against the Teaneck Police Department with prejudice after finding the department was not a proper defendant under the law); *Padilla v. Twp. of Cherry Hill*, 110 Fed. App'x 272, 278 (3d Cir. Oct. 5, 2004) (holding that the plaintiff's § 1983 claims against the Cherry Hill Township Police Department were unsuccessful because the Police Department could not be sued since it is "merely an administrative arm of the local municipality," and not "a separate judicial entity") (quoting *DeBellis v. Kulp*, 166 F. Supp.2d 255, 264 (E.D. Pa. 2001)); and

**WHEREAS** as to the Officer Defendants, this Court finds Plaintiff has not pleaded a plausible claim for relief in accordance with Rule 8.  Plaintiff appears to assert a failure to train claim[6], yet the latter fails as a matter of law for two reasons.  First, the SAC fails to establish that the Officer Defendants' conduct violated a constitutional right, such that qualified immunity applies.  *See James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012).  Second, Plaintiff does not identify what the CPD's training practices are, let alone how these policies are deficient in such a way that they amount to a "deliberate indifference."  *See Harris*, 489 U.S. at 388; *cf. Marable v. West Pottsgrove Twp.*, 176 Fed. App'x 275, 283 (3d Cir. Apr. 19, 2006) ("[A] mere showing that a particular officer violated policy, or that better training would have enabled the

---

[5] The Officer Defendants include Defendants Johnathan Defelice, Officer Torbino, Patrick Wallmack, and Sergeant Jason Hanes.

[6] "[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

officer to avoid the injury-causing conduct, is insufficient to establish a municipality's liability under § 1983 for failure to train.") (citing *Simmons v. City of Phila.*, 947 F.2d 1042, 1060 (3d Cir. 1991)); and

**WHEREAS** this Court declines to exercise supplemental jurisdiction over Plaintiff's NJCRA claims against Defendants Evins and Hardaway.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction."); *cf. Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.") (citing 28 U.S.C. § 1367(c)).  Given that this case is still in its early stages, "dismissal of the pendent state claims in a federal forum will result in neither a waste of judicial resources nor prejudice to the parties."  *Mattern v. City of Sea Isle*, 131 F. Supp. 3d 305, 320 (D.N.J. 2015) (quoting *Freund v. Florio*, 795 F. Supp. 702, 711 (D.N.J. 1992)); therefore

Moving Defendants' Motion is **GRANTED** and Plaintiff's SAC is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[7]  An appropriate order follows.

___/s/ Susan D. Wigenton_____<br>
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:       Clerk<br>
cc:         Parties<br>
          Stacey D. Adams, U.S.M.J.

---

[7] This Court declines to address Plaintiff's Motion for Leave to File a Sur-Reply, (D.E. 23); Motion for Leave to File a Further Amended Complaint, (D.E. 25); and Second Motion for Extension of Time to Serve Defendants and Motion to Amend Complaint, (D.E. 33), as said motions are rendered moot by this Opinion.  Further, this Court finds permitting Plaintiff to amend his Complaint a third time would be futile. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).