EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KHALID MACHICH

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

TOWN OF HARRISON, BOROUGH OF EAST NEWARK;

CITY OF BAYONNE; and JOHN/JANE DOES 1–10 (local officers);

UNITED STATES DEPARTMENT OF HOMELAND SECURITY (incl.

TSA, CBP, ICE); FEDERAL BUREAU OF INVESTIGATION;

UNITED STATES DEPARTMENT OF STATE; OFFICIAL-CAPACITY

JOHN/JANE DOE FEDERAL OFFICERS 1–20; and

INDIVIDUAL-CAPACITY JOHN/JANE DOE FEDERAL

OFFICERS 1–10,

_____

_____

**COMPLAINT**

Jury Trial: ☒ Yes ☐ No

(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

I.      Parties in this complaint:

A.     List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

| Plaintiff | Name | KHALID MACHICH |
|---|---|---|
| | Street Address | OUTSIDE U.S. (MOROCCO) |
| | County, City | OUTSIDE U.S. (MOROCCO) |
| | State & Zip Code | OUTSIDE U.S. (MOROCCO) |
| | Telephone Number | 862-666-1233 |

B.    List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1

Name    Town of Harrison (c/o Town Clerk)

Street Address    318 Harrison Avenue

County, City    Hudson County, Harrison

State & Zip Code    NJ 07029

Defendant No. 2

Name    Borough of East Newark (c/o Borough Clerk)

Street Address    34 Sherman Avenue

County, City    Hudson County, East Newark

State & Zip Code    NJ 07029

Defendant No. 3

Name    City of Bayonne (c/o City Clerk)

Street Address    630 Avenue C

County, City    Hudson County, Bayonne

State & Zip Code    NJ 07002.

Defendant No. 4

Name    U.S. Department of Homeland Security (incl. TSA/CBP/ICE)

Street Address    2707 Martin Luther King Jr. Ave SE

County, City    Washington

State & Zip Code    DC 20528

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A.    What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal Questions    ☐ Diversity of Citizenship

☐ U.S. Government Plaintiff    ☒ U.S. Government Defendant

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue?

C.     If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

## III.    Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? United States (mainly NJ, NY, and PA) - 2019-2023;

Morocco Nov 2023- Apr 2025; Canada — Montreal, QC— Apr 2025-Aug 2025; Morocco - Aug 2025-Present.

B.    What date and approximate time did the events giving rise to your claim(s) occur? United States (mainly NJ, NY, and PA) - 2019-Nov 2023; Morocco Nov 2023- Apr 2025; Canada — Montreal, QC— Apr 2025-Aug 2025;

Morocco - Aug 2025-Present.

| What happened to you? |
|---|

C.    Facts:    (See attachment pages 4,5 and page 6)

| Who did what? |
|---|

(See attachment page 7)

| Was anyone else involved? |
|---|

(See attachment page 8)

| Who else saw what happened? |
|---|

(See attachment page 8)

### IV.     Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.     (See attachment page 9)

### V.     Relief:

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

(See attachment page 10)

- 4 -

Case 2:26-cv-01101-SDW-SDA    Document 15-6    Filed 04/05/26    Page 6 of 17 PageID:
538
Case 2:25-cv-15378-MCA-AME    Document 1    Filed 09/06/25    Page 5 of 16 PageID: 5

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __04__ day of_____September_____, 20 __25__ .

Signature of Plaintiff _____Khalid Machich_____

Mailing Address _____OUTSIDE U.S. (MOROCCO)_____

_____

Telephone Number _____862-666-1233_____

Fax Number *(if you have one)* _____

E-mail Address _____KHALID_MACHICH@HOTMAIL.COM_____

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint.

Signature of Plaintiff: _____Khalid Machich_____ 09/04/2025

Case 2:26-cv-01101-SDW-SDA    Document 15-6    Filed 04/05/26    Page 7 of 17 PageID:
539
Case 2:25-cv-15378-MCA-AME    Document 1    Filed 09/06/25    Page 6 of 16 PageID: 6

# ATTACHMENT

# I.   Parties in this complaint: (Continued')

B. (Continued')

Defendant No. 5

| | |
|---|---|
| Name | Federal Bureau of Investigation (FBI) |
| Street Address | FBI Headquarters, 935 Pennsylvania Avenue NW |
| County, City | Washington |
| State & Zip Code | DC 20535-0001 |

Defendant No. 6

| | |
|---|---|
| Name | U.S. Department of State |
| Street Address | 2201 C Street NW |
| County, City | Washington |
| State & Zip Code | DC 20520 |

## I.  Parties in this complaint: (Continued')

B. (Continued')

Defendant No. 5

Name          Federal Bureau of Investigation (FBI)

Street Address    FBI Headquarters, 935 Pennsylvania Avenue NW

County, City    Washington

State & Zip Code DC 20535-0001


Defendant No. 6

Name          U.S. Department of State

Street Address    2201 C Street NW

County, City    Washington

State & Zip Code DC 20520

## PART II - Basis for Jurisdiction (Supplement)

### A. Federal Question and Supplemental Jurisdiction

This action arises under the Constitution and laws of the United States, including claims under the First, Fourth, and Fourteenth Amendments (via 42 U.S.C. § 1983 as to state/local actors). The Court has federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367.

### B. Federal Agencies / Records Claims

Plaintiff asserts equitable record-review/correction claims under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, and the Privacy Act, 5 U.S.C. § 552a, against federal agencies in official capacity as permitted by statute. Damages are not sought against agencies; prospective declaratory/injunctive relief is requested.

### C. Venue

Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in New Jersey (including Harrison, East Newark, and Bayonne).

## PART III - Statement of Claim (Continued)

### What happened to you?

1   May 2020-March 2021 (Precursor employment - background/context only). While employed as a structural engineer at a private firm, Plaintiff reported to management that his manager pressured him to endorse work outside his qualifications and to issue a safety letter regarding a proposed excavation near a charity building despite Plaintiff's repeated statements that he was not qualified to issue such a letter given specialty, complexity, and licensing requirements. Plans issued with Plaintiff's initials appeared without his consent. Plaintiff was laid off in March 2021. Background/context only.

2   November 2021 (Harrison/East Newark/Bayonne, NJ). Heating outages occurred at Plaintiff's residence with restoration immediately before a state inspection; the landlord's adult son entered the apartment without notice.

3   December 8, 2021 (Harrison/East Newark, NJ). The landlord's son confronted Plaintiff at the property, raising a fist inches from Plaintiff's face. Plaintiff de-escalated and sought police assistance. Plaintiff offered home-camera and phone video; officers stated the footage was not necessary. Plaintiff later had difficulty obtaining a clear written report from Harrison and/or East Newark police.

4   Late 2021-April 2022. As Plaintiff resumed job-seeking, opportunities shifted from typical private building work toward government-linked/energy-sector teams despite Plaintiff's "normal buildings" background; he was placed on a sensitive energy-sector team. The weekend before his start date, his car experienced an unusual highway engine breakdown on April 29, 2022, on the Garden State Parkway in northern New Jersey.

5   Mid-2022-April 2023. After a period at the energy-sector employer, Plaintiff observed increased surveillance; by mid-2023 he perceived retaliatory or intimidating law-enforcement presence in New Jersey following his complaints to the U.S. Department of Justice, Civil Rights Division - filed July 2022 (No. 181479-XGF), Feb. 2023 (No. 253656-BMD), and Mar. 2023 (No. 263691-XFJ).

6   April-November 2023 (rideshare driving). Plaintiff drove full-time for Uber (~10,000 lifetime trips since 2014). During this period he experienced multiple passenger/roadway incidents and frequent proximity of marked police vehicles, including:
(a) June 29, 2023 (Morristown, NJ): A passenger picked up in the Morristown area behaved erratically and made disturbing comments. After drop-off near Court Street, Plaintiff spoke with two nearby officers, who stated they knew the individual and told Plaintiff not to worry, adding that the person worked in a nearby building.
(b) October-November 2023 (Fort Lee - exact date unknown): During a pickup in

the Fort Lee area, a female passenger said, in substance, "your initials 'K.M.' stand for 'killer' and 'murderer.'"

(c) October 27, 2023 (Irvington -> Fort Lee, ~11:56 p.m., ~1h20m): From Red Carpet Inn (Irvington) to a 7-Eleven lot in the Fort Lee area; passenger met another person and spoke in a manner suggesting a crime against the passenger's wife; on return, officers said there was nothing to worry about.

(d) October-November 2023 (North Jersey - exact date unknown, nighttime): After picking up four passengers leaving a wedding event, the front-seat passenger laughed and asked, "are you a killer?"

7    Late July-August 14, 2023 (move to Philadelphia, PA). After moving, Plaintiff submitted a USPS change of address, but mail forwarding did not occur and mail continued to be misdirected. On August 2, 2023, the Harrison, NJ landlord's son emailed that he had Plaintiff's wallet and directed Plaintiff to retrieve it at the Harrison Police Department. On August 3, 2023, at the station, an officer returned the wallet only after requiring Plaintiff to sign a folded document that revealed only the signature line. In the days that followed, nighttime disturbances intensified, and Plaintiff experienced near-daily vehicle breakdowns or issues despite switching rental cars multiple times.

8    September-November 2023 (NJ/returns). Plaintiff twice attempted to return to New Jersey to resume rideshare work and to complete a structural-engineer job final interview, but similar episodes recurred. Plaintiff perceived that he was being closely watched and stigmatized. He also experienced symptoms that led him to fear exposure to substances; the symptoms abated when away from the setting. (No testing confirmed exposure; allegation made on information and belief.)

9    December 2023 (Casablanca, Morocco). A U.S. consular official told Plaintiff, in substance, "you clearly have mental issues." Background/context only; pled to show stigmatization and the need for individualized, evidence-based assessment; no independent claim asserted here.

10   December 2023-March 2024 (El Jadida, Morocco). Plaintiff experienced harassment; he developed fatigue/headaches that abated when away from the site. Background/context only; no independent claim asserted here.

11   February 2024 (Casablanca, Morocco). A person claiming to be a friend of Plaintiff's brother solicited Plaintiff to review Chinese government design plans as a condition of potential employment. Because Plaintiff had signed nondisclosure agreements for prior U.S. energy-project work, he refused. Plaintiff immediately reported the approach to the U.S. Consulate in Casablanca, and on or about February 5, 2024, sent an email with the details. Background/context only.

12   May 16, 2024 (Morocco). An individual who had previously followed Plaintiff punched him in the stomach outside a former residence. Plaintiff recorded video of the person, who did not deny the incident in the presence of Plaintiff's wife and 3-year-old daughter. Plaintiff sought a police report but was unable to obtain one.

Background/context only.

13  June-December 2024 (Safi, Morocco). While managing a project, pressure escalated to approve unsafe construction affecting drinking water. In late October 2024, during a speaker-phone call witnessed by Plaintiff's wife, a senior manager stated that unless Plaintiff approved the work, "they will need 8 days to get rid of you and you will live in hunger with your daughter." Plaintiff refused, escalated concerns internally, and was reassigned; isolation and demands to misstate items during a safety audit followed. Background/context only.

14  September 2024 (roadway hazard - Morocco). Rocks were aligned in Plaintiff's highway lane, causing a leg injury; days later, a gendarmerie officer made an odd remark ("Now we know each other"). Background/context only.

15  April 23-August 20, 2025 (Montreal, Canada). On arrival to seek refuge, Canadian border officers questioned Plaintiff and, in substance, pressed his wife to seek refuge as well. At the refugee facility, an unauthorized 3:00 a.m. door opening occurred and was later confirmed abnormal by management. Stalking/pressure continued; during this period Plaintiff's young child developed new speech difficulties. Despite multiple confirmations of the family's Canadian mailing address, Plaintiff's work-permit document was sent to the New Jersey apartment where the landlord's son had previously confronted him. Plaintiff views this as part of a recurring pattern of mail/address interference that followed him across locations, including after his move to Philadelphia. Plaintiff also submitted a letter to Canada's National Security and Intelligence Review Agency (NSIRA) describing what occurred in Canada and requesting appropriate oversight. Background/context only.

16  July 24, 2025 (U.S. records requests). Plaintiff submitted FOIA/Privacy Act requests for records referencing him (including watchlist/"threat-assessment" entries), including Request No. 1675384-000; on July 30, 2025, an agency reply stated "no records located." Background/context only; no separate FOIA cause is asserted here.

17  August 2025-present (Morocco). After returning from Canada and withdrawing refugee claims due to the child's speaking difficulties and prior events in Canada, Plaintiff experienced renewed intimidation and staged events; he reported these to the U.S. Consulate (requesting protection) and later to New Jersey senators. On information and belief, Moroccan authorities pressured relatives on both sides of the family to discredit Plaintiff's account, fracture family unity, and discourage further complaints. Background/context only.

References to incidents in Morocco and Canada are included solely to show pattern, motive, context, causation, and damages related to U.S. conduct; Plaintiff does not assert independent claims based on those foreign events in this action.

## Who did what?

1  Landlord's adult son (Harrison/East Newark, NJ - Nov.-Dec. 2021). Entered Plaintiff's apartment without notice and later confronted him with a raised fist. Plaintiff offered home-camera/phone video to police; Harrison/East Newark officers declined to review it and Plaintiff could not obtain a clear written report.

2  Harrison Police Department officer (Aug. 3, 2023). Returned Plaintiff's lost wallet only after requiring him to sign a folded document that exposed only the signature line, following an Aug. 2, 2023 email from the landlord's son directing Plaintiff to retrieve the wallet at HPD.

3  Local patrol officers (multiple NJ towns, 2023). Frequently appeared in close proximity to Plaintiff's rideshare vehicle and, on several occasions, remained behind him for extended distances. On Oct. 27, 2023, after Plaintiff reported hearing talk suggesting a crime was being planned against the passenger's wife in a Fort Lee parking lot, an officer told him there was "nothing to worry about."

4  Unknown rideshare passengers (NJ, 2023). Illustrative episodes only (disturbing comments; "are you a killer?" etc.).

5  Harrison Police (vehicle handling - Nov. 2023). After Plaintiff arranged pickup of a car parked in Harrison Township and received tracking/phone confirmation of pickup/drop-off, months later about $7,000 posted to his card; he was told the car had only just been received because Harrison police had taken it to a garage. (No rental-company staff are alleged here.)

6  U.S. consular official (Casablanca - Dec. 2023). Stated to Plaintiff, in substance, "you clearly have mental issues." (Background/context only.)

7  Managers/senior personnel (Safi, Morocco - June-Dec. 2024). Pressured Plaintiff to approve unsafe construction affecting drinking water; during a late-Oct. 2024 speaker-phone call (heard by Plaintiff's wife), a senior manager warned that if Plaintiff did not approve the work, "they will need 8 days to get rid of you and you will live in hunger with your daughter." Isolation and demands to misstate items during a safety audit followed. (Background/context only.)

8  Unknown assailant (Morocco - May 16, 2024). Individual who had previously followed Plaintiff punched him in the stomach outside a former residence; the person did not deny the incident in the presence of Plaintiff's wife and 3-year-old daughter. Plaintiff sought a police report but could not obtain one. (Background/context only.)

9  Unknown person(s) and border officers (Montreal, Canada - Apr. 23-Aug. 20, 2025). On arrival to seek refuge, Canadian border officers questioned Plaintiff and, in substance, pressed his wife to seek refuge as well. At a refugee facility, an unauthorized 3:00 a.m. door opening occurred and was later confirmed abnormal by management; stalking/pressure and interference with communications/legal help continued. During this period, Plaintiff's young child developed new speech

### Was anyone else involved?

Third parties attempted to draw me into misconduct. Relevant authorities and oversight bodies in the United States, Morocco, and Canada were notified.

### Who else saw what happened?

My wife and daughter witnessed the majority of events; videos were taken in some incidents. Some incidents can be corroborated by building or unit surveillance video.

## PART IV - Injuries

1 Family harm: disruption of home life and child-rearing; Plaintiff's distress associated with his minor child's recent speaking difficulties during/after the Canada period; marital and household strain from stalking/pressure and serial relocations.

2 Psychological harm: anxiety, hypervigilance, and sleep disturbance (including nighttime disturbances in Philadelphia); fear while driving arising from repeated provocative incidents and marked police proximity; humiliation and stigma from the consular "mental issues" remark and passenger taunts; ongoing fear of being surveilled or misclassified (watchlist/threat-assessment concerns).

3 Bodily injuries (foreign - pled for background/context only): the September 2024 roadway hazard caused a leg injury with pain lasting nearly two months; abdominal/soft-tissue pain from the May 16, 2024 assault.

4 Economic / special damages: lost earnings and diminished earning capacity from interrupted rideshare work (Apr.-Nov. 2023) and missed engineering opportunities (Sept.-Nov. 2023); approximately US$7,000 rental-car charge that posted months after a documented pickup, together with any finance/interest charges and credit-impact mitigation; relocation, travel, and temporary-housing costs for moves between New Jersey, Pennsylvania, Morocco, and Canada; repeated rental-vehicle turnover and related expenses; document-replacement and mailing costs due to misdirected mail; reasonable out-of-pocket expenses for attorney consultation regarding police reports, FOIA/Privacy Act postage/copying, and medical evaluation as needed.

5 Reputational and dignitary harm: stigmatization and loss of standing from perceived labeling; chilling of petitioning, reporting, and associational activity.

6 Time and administrative burdens: substantial time diverted to reporting incidents, seeking police reports, contacting consulates/agencies, pursuing FOIA/Privacy Act requests, arranging moves, and taking safety measures.

7 Risk of future harm (equitable): absent record correction and policy changes, continuing risk of improper watchlist/threat-assessment notations, retaliatory policing, and employment/housing barriers.

## PART V - Relief

1   Declaratory relief against state/local defendants that the conduct described in Part III violated Plaintiff's rights under the First, Fourth, and Fourteenth Amendments.

2   Prospective injunctive relief against state/local defendants, including: (a) adoption of policies and training that prohibit retaliatory or selective policing; (b) protocols requiring acceptance, logging, and preservation of citizen video/evidence offered at a station or in the field, with receipts; (c) clear procedures and timelines for issuing or providing access to police reports; (d) property-handling rules that preclude compelled signatures on undisclosed documents and require documentation for custodial returns; and (e) a narrowly tailored non-retaliation order protecting Plaintiff and his family during and after this case.

3   Non-interference order: defendants and those acting in concert with them shall not interfere with Plaintiff's personal life and relationships, employment/work, or housing; Plaintiff seeks restoration of normal living conditions for himself and his family.

4   Record-related equitable relief against federal agencies in official capacity only: inspection, correction, and/or removal of any stigmatizing, inaccurate, or unsupported "threat-assessment"/watchlist style entries referencing Plaintiff; written notice of corrections to all known downstream systems; and ongoing compliance with record-accuracy and review obligations. (No monetary damages are sought from federal agencies.)

5   Preservation order: immediate preservation by all defendants of potentially relevant materials (including dispatch/CAD logs, body-worn camera and station videos, incident reports, email/text messages, FOIA/Privacy Act files, consular correspondence, rental-vehicle chain-of-custody records, and related logs).

6   Damages against appropriate non-immune defendants: compensatory damages (including economic loss, emotional distress, dignitary harm, and out-of-pocket expenses), punitive damages where legally permitted against individual-capacity defendants, and nominal damages as needed to vindicate constitutional violations.

7   Costs and interest: taxable costs under 28 U.S.C. § 1920 and pre- and post-judgment interest as allowed by law. Plaintiff reserves the right to seek reasonable attorneys' fees under 42 U.S.C. § 1988 if represented by counsel in the future.

8   Any further relief the Court deems just and proper.

Jury Trial Demanded on all issues so triable.