<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CLAYTON M. HOWARD, | Civil Action No. 26-1101 (SDW) (SDA) |
| Plaintiff, | |
| v. | |
| JENNA VENTOLA, *et al.*, | |
| Defendants. | |
| CLAYTON HOWARD, | Civil Action No. 26-2346 (SDW) (SDA) |
| Plaintiff, | |
| v. | **OPINION** |
| BOROUGH OF CARTERET, *et al.*, | April 28, 2026 |
| Defendants. | |

**WIGENTON**, District Judge.

This opinion addresses three related cases pending before the undersigned and brought by the same *pro se* plaintiff Clayton Howard ("Mr. Howard" or "Plaintiff"). Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and § 1367(a). Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons stated herein, the pending Motion to Dismiss in *Howard v. Ventola*, Docket Number 26-cv-1101, is **GRANTED** and the Complaint in *Howard v. Borough of Carteret*, Docket Number 26-cv-2346 is **DISMISSED WITH PREJUDICE.**

1

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

The facts underlying all three matters concern multiple state court cases brought by or against Defendant Francyna Evins, Plaintiff's ex-girlfriend, and complain of the manner in which prosecutors, judges, attorneys, law enforcement officers, and other administrative personnel have handled said matters.

Plaintiff first brought the action *Howard v. State of New Jersey* (*Howard I*), Docket Number 24-cv-7661 in July 2024. On June 6, 2025, this Court dismissed Plaintiff's Second Amended Complaint with prejudice, after finding the doctrines of sovereign, judicial, and prosecutorial immunity under the Eleventh Amendment applicable, that Plaintiff did not state any plausible claims for relief consistent with Federal Rules of Civil Procedure ("Rules") 8(a) and 12(b)(6), and that Plaintiff failed to effectuate service as required by Rule 4(m). *Howard v. New Jersey*, No. 24-7661, 2025 WL 1667384 (D.N.J. June 6, 2025). Plaintiff appealed this Court's decision to the United States Court of Appeals for the Third Circuit, which dismissed the appeal for failure to timely prosecute. *Howard v. New Jersey*, No. 25-2141, 2025 WL 3786537 (3d Cir. 2025).

On February 2, 2026, Plaintiff initiated the second action, *Howard v. Ventola* (*Howard II*), Docket Number 26-cv-1101.[1] By Plaintiff's own admission, the second suit asserts civil rights violations "from a criminal conspiracy orchestrated by state actors and private parties . . . through a coordinated scheme of witness tampering, obstruction of justice, malicious prosecution, and systematic denial of domestic violence protections spanning from 2023 through the present." (D.E. 11 at 1.) The suit is against his ex-girlfriend, his ex-girlfriend's attorney, an assistant prosecutor, and municipal court judges. Some of these Defendants were also sued in *Howard I*.

---

[1] Plaintiff was granted *in forma pauperis* status on February 6, 2026. (D.E. 3.)

Approximately one month later, on March 6, 2026, Plaintiff filed the third action—*Howard v. Borough of Carteret* (*Howard III*), Docket Number 26-cv-2346.[2]  This action is against "municipal officials, prosecutors, law enforcement officers," and private parties, who Plaintiff claims "weaponized the courts of Carteret and New Brunswick to prosecute Plaintiff across multiple jurisdictions" in violation of Plaintiff's civil rights.  (D.E. 1 at 1–2.)  As with *Howard II*, *Howard III* features several of the same Defendants sued in the initial action.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  The pleading should "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  *Pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)).

When deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, federal courts "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff," and determine "whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint."  *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).  The analysis involves a two-step approach.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).  First, the Court parses between the factual and legal elements of a claim, treating "all of the complaint's well-pleaded facts as true,"

---

[2] Plaintiff was granted *in forma pauperis* status on April 16, 2026.  (D.E. 8.)

3

but disregarding any legal conclusions. *Id.*; *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Second, the Court considers "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

When a plaintiff pleads factual content that enables the court to draw "the reasonable inference that the defendant is liable for the misconduct alleged," a claim has facial plausibility. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.* The Court considers "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Belichick*, 605 F.3d at 230 (citation omitted).

## III.    DISCUSSION

This opinion addresses the pending Motion to Dismiss filed by Defendant Cynthia Hardaway in *Howard II* and *sua sponte* reviews the Complaint in *Howard III* for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(b)(6). Defendant Hardaway asks this Court to dismiss *Howard II*, arguing that Plaintiff's Complaint merely restructures the Complaint in *Howard I* in an attempt to use the legal system to harass her and her former client. (D.E. 15 at 11–12.) Given that this Court's June 6, 2025 decision in *Howard I* is a final judgment for purposes of

4

res judicata and Plaintiff's claims in *Howard II* and *III* could have been raised in *Howard I*, Plaintiff's subsequent cases must be dismissed.

Res judicata, or claim preclusion, "gives dispositive effect to a prior judgment if a particular issue, although not litigated, could have been raised in [an] earlier proceeding." *Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992). The elements of claim preclusion are: "(1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action." *Id.* When all three factors are present, "a claim that was or could have been raised previously must be dismissed as precluded." *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999). Claim preclusion applies with "equal force" to *pro se* litigants. *Dickerson v. New Jersey Inst. of Tech.*, No. 19-8344, 2025 WL 2125116, at *5 (D.N.J. July 29, 2025) (citing *King v. E. Lampeter Twp.*, 69 F. App'x 94, 96 (3d Cir. 2003)); *see Taran v. Metlife Stadium*, No. 25-11947, 2026 WL 735275, at *5–6 (D.N.J. Mar. 16, 2026) (dismissing second action brought by *pro se* plaintiff on res judicata grounds where the second suit was against the same adversary and based on the same cause of action as the initial case).

The elements necessary to find claim preclusion applicable are present. First, this Court previously adjudicated the merits of Plaintiff's Complaint in *Howard I*, determining that his 42 U.S.C. §§ 1983, 1985, 1986 and New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-2 *et. seq.* claims were either barred by an immunity doctrine or insufficiently pled and ultimately dismissing the matter with prejudice. *See Howard I*, 2025 WL 3786537, at *4. Second, many of the Defendants in *Howard II* and *III* are the same as those in *Howard I*. (*Compare Howard I*, D.E. 16 at 1–4 (the State of New Jersey, the Essex County Prosecutor's Office, Jenna Ventola, Francyna Evins, Cynthia Hardaway, Johnathan Defelice, Judge Allen Cumba, and the Carteret Police

5

Department), *with Howard II*, D.E. 11 at 3, 6–7 (Jenna Ventola, Francyna Evins, Cynthia Hardaway, Essex County, and the State of New Jersey), *and Howard III*, D.E. 1 at 2–3 (Francyna Evins, Johnathan Defelice, Alan Cumba, the State of New Jersey, and the Borough of Carteret).) Although some Defendants were not previously sued, these new Defendants are closely related, overlapping institutional actors, evincing an attempt to circumvent the preclusive effect of this Court's prior ruling. The differences in defendants across the three cases are immaterial for purposes of res judicata. *See Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3d Cir. 1972) ("[R]es judicata may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants."); *see also Oauziz v. Murphy*, No. 23-2696, 2024 WL 397708, at *5 (D.N.J. Feb. 2, 2024) (finding res judicata applicable where the plaintiff merely added additional defendants he claimed participated in the conspiracy alleged in the initial action to subsequent case). Lastly, by Plaintiff's own admission, the claims presented across all three cases are based on the same underlying facts—Plaintiff's treatment in multiple New Jersey state court cases following the rupture of his relationship with his former romantic partner. Thus, this Court's prior decision in *Howard I* must be given preclusive effect and Plaintiff's subsequent actions dismissed.

## IV.    CONCLUSION

For the reasons stated above, the Motion to Dismiss in *Howard v. Ventola*, Docket Number 26-cv-1101, is **GRANTED** and that matter is **DISMISSED WITH PREJUDICE**. The Complaint in *Howard v. Borough of Carteret*, Docket Number 26-cv-2346 is similarly **DISMISSED WITH PREJUDICE**. An appropriate order follows.

_____/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:      Parties
          Stacey D. Adams, U.S.M.J.

7