CLAYTON M. HOWARD

24 Orchard Street

Carteret, New Jersey 07008

(929)781-7791

itsclaytonhoward@gmail.com

 Plaintiff, Pro Se


UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY


| | |
|---|---|
| CLAYTON M. HOWARD,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JENNA VENTOLA, et al., .<br>　　　　　Defendants. | Civil Action No. 2:26-cv-01101 (SDW)(SDA)<br><br>PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)<br><br>(Assigned to the Hon. Susan D. Wigenton, U.S.D.J.) |


COMES NOW Plaintiff Clayton M. Howard, appearing pro se, and respectfully moves this Court pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the Opinion and Order entered April 28, 2026 (D.E. 22), dismissing *Howard v. Ventola*, Civil Action No. 26-cv-1101, with prejudice on res judicata grounds and sua sponte dismissing *Howard v. Borough of Carteret*, Civil Action No. 26-cv-2346, with prejudice.

Rule 59(e) relief is appropriate where the movant demonstrates: (1) a clear error of law; (2) newly available evidence; (3) an intervening change in controlling law; or (4) the need to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010); *North River Ins. Co. v. CIGNA Reinsurance Co*., 52 F.3d 1194, 1218 (3d Cir. 1995). The Court's April 28, 2026 Opinion contains clear and reversible errors of law in its application of res judicata that, if left uncorrected, will result in manifest injustice by permanently foreclosing federal judicial review of an ongoing pattern of civil rights violations that had not yet fully occurred when the prior action was filed. For the reasons set forth below, the Court committed clear legal error by: (1) applying res judicata to claims that had not accrued when

Howard I was filed; (2) mischaracterizing an immunity-based dismissal as a full merits adjudication; (3) dismissing with prejudice without conducting the required futility analysis for a pro se plaintiff; and (4) dismissing Howard III sua sponte without affording Plaintiff notice or an opportunity to be heard.

## PROCEDURAL BACKGROUND

1. On July 2024, Plaintiff filed Howard v. State of New Jersey (Howard I), Civil Action No. 24-cv-7661. That action primarily challenged the Carteret Police Department's refusal to enforce FRO FV-07-3579-22, Prosecutor Jenna Ventola's failure to prosecute Francyna Evins for documented FRO violations, and Defendant Cynthia Hardaway's submission of fabricated mental health records to Essex County prosecutors in March 2024.

2. On June 6, 2025, this Court dismissed Howard I with prejudice on the grounds of Eleventh Amendment sovereign immunity (State of New Jersey), prosecutorial immunity (Ventola), judicial immunity (Judges Cumba and Coleman), and entity immunity (Essex County Prosecutor's Office). The Court also found insufficient pleading under Rules 8(a) and 12(b)(6) and failure to effectuate service under Rule 4(m). *Howard v. New Jersey*, No. 24-7661, 2025 WL 1667384 (D.N.J. June 6, 2025).

3. Plaintiff timely appealed Howard I to the Third Circuit. That appeal was dismissed for failure to timely prosecute. *Howard v. New Jersey*, No. 25-2141, 2025 WL 3786537 (3d Cir. 2025).

4. Between June 2025 and February 2026, events occurred that gave rise to entirely new and independent constitutional claims. Specifically: (a) In August 2025, Defendant Hardaway conducted a public social media broadcast on "That Girl Henny" in which she disclosed confidential Prevention of Domestic Violence Act proceedings, violating N.J. Stat. Ann. 2C:25-33 and N.J. Court Rule 1:38-3(d)(9), while actively representing Evins in pending FRO vacatur proceedings; (b) In fall 2025, Evins filed the Carfagno application to vacate FRO FV-07-3579-22, initiating a new state court proceeding that had not existed in any form during Howard I; (c) During the Carfagno hearings, fabricated photographic evidence was submitted and perjured testimony was presented in proceedings before the Essex County Family Part; (d) On March 11, 2026, the Essex County Family Part vacated FRO FV-07-3579-22, stripping Plaintiff of the lifetime protective order he had held since December 1,

2022; and (e) Defendants Hardaway and Evins filed a retaliatory state court action against Plaintiff, ESX-L-008941-25, in Essex County Superior Court.

5. On February 2, 2026, Plaintiff filed Howard II (26-cv-1101), grounding his claims in the post-June 2025 events described above. On March 6, 2026, Plaintiff filed Howard III (26-cv-2346), challenging the Carteret Borough defendants' independent participation in the ongoing denial of his civil rights.

6. On April 28, 2026, this Court granted Hardaway's Motion to Dismiss Howard II and sua sponte dismissed Howard III with prejudice, finding all three elements of res judicata satisfied. The Court did not grant leave to amend, did not conduct a futility analysis, and did not provide Plaintiff advance notice of the sua sponte dismissal of Howard III.

ARGUMENT

POINT I

THE COURT COMMITTED CLEAR LEGAL ERROR BY APPLYING RES JUDICATA TO CLAIMS THAT HAD NOT YET ACCRUED WHEN HOWARD I WAS FILED

The Court's central holding -- that "Plaintiff's claims in Howard II and III could have been raised in Howard I" -- is flatly inconsistent with binding Third Circuit precedent. (Op. at 4.) The Third Circuit has squarely held that res judicata cannot bar claims that "did not exist" when the prior action was filed. *Davis v. Wells Fargo*, 824 F.3d 333, 341-42 (3d Cir. 2016). As the Third Circuit explained, a plaintiff "cannot be expected to have raised" claims whose factual predicates had not yet occurred at the time of the earlier litigation. Id. This rule flows from elementary principles of claim accrual: a civil rights claim under 42 U.S.C. 1983 does not accrue until the plaintiff "has a complete and present cause of action." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). It is legally impossible for a plaintiff to have raised, in a July 2024 complaint, claims predicated on events that did not occur until August 2025, fall 2025, and March 11, 2026.

The critical timeline compels this conclusion. Howard I was filed in July 2024. The following events -- which form the substantive core of Howard II and III -- had not occurred as of that date, as of the June 6, 2025 dismissal, or as of the subsequent appeal:

Hardaway's August 2025 "That Girl Henny" broadcast disclosing confidential PDVA proceedings had not occurred. The Carfagno application to vacate FRO FV-07-3579-22 had not been filed. No fabricated photographic evidence had been submitted in Carfagno hearings because no such hearings had been held. Perjured testimony in those proceedings had not been given. The March 11, 2026 vacatur of the FRO had not occurred. And the retaliatory state court action ESX-L-008941-25 had not been filed.

These are not merely "additional" facts that could have been incorporated into an earlier pleading. These are legally distinct events, constituting separate and independent transactions, which created new causes of action with new elements, new harms, and new statutes of limitation. The Third Circuit's test for identity of claims asks whether the claims arise from the same "transaction or occurrence." *In re Ins. Brokerage Antitrust Litig*., 618 F.3d 300, 337 (3d Cir. 2010); *Elkadrawy v. Vanguard Grp., Inc*., 584 F.3d 169, 173 (3d Cir. 2009). A transaction is defined by whether the same evidence would support both claims. The Carfagno vacatur proceedings, Hardaway's broadcast, the fabrication of evidence before the Essex County Family Part, and the retaliatory filing of ESX-L-008941-25 require entirely different evidence than the claims in Howard I regarding Carteret PD's non-enforcement and Ventola's prosecutorial failures in 2022-2024.

By concluding that all of Plaintiff's claims arose from the same "nucleus of operative facts" merely because all of them involved his former romantic partner, the Court applied an impermissibly expansive definition of res judicata that has no basis in Third Circuit precedent. The Third Circuit does not ask whether two suits share a common background actor or relationship. It asks whether the suits arise from the same transaction or occurrence. The answer here, on the undisputed timeline, is no.

POINT II

THE COURT MISCHARACTERIZED HOWARD I AS A FINAL JUDGMENT ON THE MERITS FOR PURPOSES OF CLAIM PRECLUSION

Even if the temporal bar were disregarded, the Court's application of res judicata rests on a second and independent legal error: it treated Howard I's dismissal -- which was grounded in

immunity doctrines and procedural deficiencies -- as a "final judgment on the merits" sufficient to trigger full preclusive effect.

Claim preclusion requires a prior "final judgment on the merits." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1195 (3d Cir. 1993). Courts have long recognized that dismissals premised on immunity are not, in the traditional sense, adjudications of whether the alleged conduct occurred. Sovereign immunity, prosecutorial immunity, and judicial immunity are jurisdictional or threshold bars that prevent a court from reaching the merits. A dismissal on such grounds decides only that the defendant is shielded from suit -- not that the plaintiff's allegations of constitutional violation are false or legally insufficient.

Howard I was dismissed on the following grounds, none of which reached the merits of whether the underlying conduct occurred: Eleventh Amendment sovereign immunity as to the State of New Jersey; prosecutorial immunity as to Ventola; judicial immunity as to Judges Cumba and Coleman; entity immunity as to the Essex County Prosecutor's Office; and insufficient pleading under Rules 8(a)(2) and 12(b)(6) with respect to the remaining defendants. These are threshold and procedural dismissals. They conclusively establish only that those specific defendants, in that specific action, were shielded from liability under applicable immunity doctrine. They do not establish that Plaintiff's allegations of fabricated evidence, retaliatory prosecution, obstruction of justice, and denial of domestic violence protections were legally meritless.

The Court's reliance on *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187 (3d Cir. 1999), and *Bd. of Trs. of Trucking Emps. v. Centra*, 983 F.2d 495 (3d Cir. 1992), for the general elements of res judicata does not resolve this issue. Those cases addressed claim preclusion where a prior court had entered judgment following substantive merits adjudication. Neither stands for the proposition that an immunity-based dismissal -- particularly a dismissal for insufficient service of process under Rule 4(m), which is expressly non-prejudicial under Fed. R. Civ. P. 41(b) -- carries full preclusive effect over new claims arising from post-dismissal conduct.

Extending claim preclusion from an immunity-based dismissal to permanently bar an amended complaint against defendants who were not immune, arising from events that had not yet occurred, would stretch res judicata well beyond its constitutional and doctrinal limits.

If the Court's ruling stands, it would mean that any plaintiff who loses a civil rights action on immunity grounds is forever barred from returning to federal court, even if those immunized defendants and their associates subsequently engage in entirely new constitutional violations.

The Third Circuit has never held, and should not hold, that res judicata operates as a perpetual immunity grant.

POINT III

THE COURT ERRED IN DISMISSING WITH PREJUDICE WITHOUT CONDUCTING THE REQUIRED FUTILITY ANALYSIS FOR A PRO SE PLAINTIFF

Even if this Court were correct that the complaint as filed failed to state a claim or was subject to claim preclusion as to some defendants or some claims, dismissal with prejudice without leave to amend was independently reversible error under binding Third Circuit precedent.

The Third Circuit has squarely held that a district court commits reversible error when it dismisses a pro se plaintiff's complaint with prejudice without: (1) identifying the specific deficiencies that warrant dismissal; and (2) finding that amendment would be "futile" -- that is, that no amendment could cure the deficiencies. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This rule reflects the strong policy in favor of deciding cases on the merits rather than on technical pleading deficiencies, and the recognition that pro se litigants are particularly disadvantaged when it comes to satisfying the formal requirements of federal pleading standards. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) ("If a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile.").

The Court's April 28, 2026 Opinion contains no futility analysis. It does not identify specific paragraphs, claims, or factual allegations that are insufficiently pled. It does not explain why amendment could not cure the alleged deficiencies. It grants no leave to amend despite Plaintiff's explicit request for leave to amend in the alternative in his opposition to the Motion to Dismiss (D.E. 11 at Point XIV). The omission of any futility finding, combined with the denial of leave to amend, is error under Grayson and Phillips regardless of the Court's ultimate views on res judicata.

If any subset of Plaintiff's claims -- for example, claims against defendants who appeared in

Howard I and who assert immunity -- are properly subject to claim preclusion as to Howard I-era allegations, those claims could be severed. The remaining claims, based on post-June 2025 conduct by new or returning defendants, could be permitted to proceed. Dismissal of the entire action with prejudice, without this analysis, swept too broadly and must be corrected.

POINT IV

THE SUA SPONTE DISMISSAL OF HOWARD III WITHOUT NOTICE OR OPPORTUNITY TO BE HEARD WAS PROCEDURALLY DEFICIENT

This Court's sua sponte dismissal of *Howard v. Borough of Carteret*, No. 26-cv-2346, pursuant to 28 U.S.C. 1915(e)(2)(B), raises a separate and independent procedural concern. While 1915(e)(2)(B) grants courts authority to dismiss in forma pauperis complaints that are frivolous, malicious, or fail to state a claim, the Third Circuit has emphasized that this authority does not dispense with the due process requirements of notice and an opportunity to be heard that ordinarily attend dismissal of civil actions.

Where a court sua sponte dismisses an entire action with prejudice without providing the plaintiff advance notice that dismissal is being considered, and without affording the plaintiff an opportunity to respond, the dismissal may constitute a due process violation. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (district courts should provide notice before sua sponte dismissal). Although 1915(e)(2)(B) permits dismissal at any time, including before service, courts in this District and this Circuit have recognized that sua sponte dismissals with prejudice -- particularly where a plaintiff has raised substantive post-accrual constitutional claims not previously litigated -- require the court to identify specific deficiencies and provide an opportunity to amend, unless futility is expressly found. See Grayson, 293 F.3d at 108.

Plaintiff received no advance notice that Howard III would be dismissed. He had no opportunity to respond to the sua sponte review. Howard III was filed on March 6, 2026, and dismissed in the same opinion that addressed the fully briefed motion in Howard II, with no separate analysis of Howard III's distinct factual allegations, claims, or defendants. The distinct challenges raised in Howard III -- including the Carteret Police Department's refusal

to enforce a statewide restraining order in 2025 and 2026, conduct occurring after Howard I's dismissal -- deserved independent review. Dismissing Howard III in a single paragraph without analysis, notice, or leave to amend is an independent reversible error.

## POINT V

THE COURT'S RULING PRODUCES MANIFEST INJUSTICE THAT RULE 59(e) WAS DESIGNED TO PREVENT

Even if the foregoing legal errors were debatable, this Court should exercise its Rule 59(e) authority to prevent manifest injustice. The result of the April 28, 2026 Opinion, taken to its logical conclusion, is this: Defendants who prevailed on immunity grounds in Howard I -- without any adjudication of whether they fabricated evidence, suborned perjury, or orchestrated retaliatory proceedings -- are now permanently insulated from federal civil rights liability for all subsequent conduct, including conduct that had not yet occurred when Howard I was filed.

Plaintiff holds or held Final Restraining Order FV-07-3579-22, issued December 1, 2022, ordering Francyna Evins to refrain from all contact with Plaintiff and his infant child Dior Smith for life. That FRO was vacated on March 11, 2026, following proceedings in which Plaintiff alleges fabricated photographic evidence was submitted and perjured testimony was given. Sworn testimony from Evins herself (October 30, 2024, Carteret Municipal Court, Tr. 94:22-95:3; 101:9-12; 94:3-6; 83:8-15) corroborates that Defendant Hardaway personally received falsified mental health records, directed Evins to archive the false material, and directed Evins to edit Howard's videos for court submission. Despite 20 or more documented FRO violations and two 2025 grand jury referrals, Essex County officials have refused to prosecute Evins.

The consequence of the Court's ruling is that Plaintiff has no federal forum for these constitutional injuries. The state court action (ESX-L-008941-25) was filed against him as an act of retaliation by the same defendants. His FRO has been vacated. His First Amendment rights have been restricted. His equal protection rights as a male domestic violence victim have been disregarded -- in a jurisdiction where the documented enforcement rate for male victims is 23% compared to 78% for female victims. The interests of justice require this Court to correct its ruling and permit this civil action to proceed on the merits.

CONCLUSION

For all of the foregoing reasons, Plaintiff Clayton M. Howard respectfully requests that this Court:

1. Alter or amend the April 28, 2026 Opinion and Order (D.E. 22) pursuant to Fed. R. Civ. P. 59(e);

2. Vacate the dismissal with prejudice of Howard v. Ventola, Civil Action No. 26-cv-1101;

3. Vacate the sua sponte dismissal with prejudice of Howard v. Borough of Carteret, Civil Action No. 26-cv-2346;

4. Reinstate both civil actions and permit the cases to proceed on the merits;

5. In the alternative, grant Plaintiff leave to file a Second Amended Complaint in each action within thirty (30) days of the Court's order, incorporating with greater specificity the post-June 2025 events and claims not previously litigated in Howard I; and

6. Grant such other and further relief as this Court deems just and proper.

Dated: May 11, 2026

Respectfully submitted,

*Clayton Howard*

Clayton M. Howard
24 Orchard Street
Carteret, New Jersey 07008
(929)781-7791
itsclaytonhoward@gmail.com
Plaintiff, Pro Se

CERTIFICATE OF SERVICE

I, Clayton M. Howard, hereby certify that on the date set forth below, I caused a true and correct copy of the foregoing Rule 59(e) Motion to Alter or Amend Judgment and all supporting papers to be served upon all counsel of record and pro se parties via the Court's Electronic Case Filing (ECF) system, or by first-class United States mail to any party not receiving electronic service, at their addresses on file with the Court.

Dated: May 11, 2026

Clayton M. Howard Plaintiff, Pro Se