UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLAYTON M. HOWARD,<br><br>*Plaintiff*,<br><br>vs.<br><br><br>JENNA VENTOLA, et al.,<br>*Defendants*. | Civil Action No. 2:26-cv-01101 (SDW)(SDA)<br><br>(Consolidated with Civil Action No. 2:26-cv-02346)<br><br>Hon. Susan D. Wigenton, U.S.D.J.<br><br>Hon. _____, U.S.M.J. |

ORDER GRANTING PLAINTIFF'S MOTION TO ALTER OR AMEND

JUDGMENT PURSUANT TO FED. R. CIV. P. 59(E)

THIS MATTER having been opened to the Court by Plaintiff Clayton M. Howard, appearing pro se, upon a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e), seeking to vacate the Opinion and Order entered April 28, 2026 (D.E. 22) dismissing Howard v. Ventola, Civil Action No. 2:26-cv-01101, with prejudice on res judicata grounds, and dismissing Howard v. Borough of Carteret, Civil Action No. 2:26-cv-2346, sua sponte with prejudice; and

THE COURT having considered Plaintiff's Motion to Alter or Amend Judgment (D.E. ___), Plaintiff's Brief in Support thereof (D.E. ___), the Declaration of Clayton M. Howard in Support of Plaintiff's Rule 59(e) Motion with exhibits annexed thereto (D.E. ___), Plaintiff's Table of Exhibits (D.E. ___), and any opposition thereto; and

THE COURT having found that the April 28, 2026 Opinion and Order contains clear errors of law in its application of res judicata, specifically:

1.  The application of claim preclusion to bar claims that had not accrued when *Howard v. State of New Jersey*, No. 2:24-cv-07661 (Howard I), was filed on December 9, 2024, including claims arising from Defendant Hardaway's August 2025 media broadcast, the Carfagno dissolution proceedings initiated in April 2025, Judge Zunic's January 5–6, 2026 rulings denying discovery and excluding witnesses, the retaliatory civil action ESX-L-008941-25, and the March 11, 2026 vacatur of Final Restraining Order FV-07-3579-22, all in contravention of *Davis v. Wells Fargo*, 824 F.3d 333, 342 (3d Cir. 2016);

2.  The mischaracterization of Howard I's June 6, 2025 dismissal — which was grounded exclusively in Eleventh Amendment sovereign immunity, prosecutorial immunity, judicial immunity, and entity immunity — as a "final judgment on the merits" sufficient to trigger full preclusive effect, contrary to *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1195 (3d Cir. 1993), and *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 320 (3d Cir. 2015);

3.  The dismissal with prejudice of Howard II without conducting the futility analysis mandated by *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002), and *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008), and without addressing Plaintiff's express request for leave to amend contained in his Opposition Brief at Point XIV (D.E. 11), contrary to *Shane v. Fauver*, 213 F.3d 113, 116–17 (3d Cir. 2000); and

4.  The sua sponte dismissal with prejudice of *Howard v. Borough of Carteret*, No. 2:26-cv-2346 (Howard III), without advance notice to Plaintiff that dismissal was being considered and without affording Plaintiff an opportunity to be heard, contrary to *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991), and *Grayson*, 293 F.3d at 108; and

THE COURT having further found that the judgment, as entered, produces manifest injustice by permanently foreclosing federal judicial review of an ongoing and documented pattern of civil rights violations, including claims arising from events that had not yet occurred when Howard I was filed, resulting in a closed loop in which an immunity-based dismissal in the first action operates as a perpetual bar against all future civil rights claims, contrary to the purposes of 42 U.S.C. § 1983 and the limits of claim preclusion doctrine; and

THE COURT having determined that Rule 59(e) relief is warranted on the grounds of clear error of law and manifest injustice; and for good cause shown;

**IT IS on this _____ day of _____, 2026,**

**ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

5. **VACATUR OF APRIL 28, 2026 OPINION AND ORDER.** The Opinion and Order entered April 28, 2026 (D.E. 22), dismissing Howard v. Ventola, Civil Action No. 2:26-cv-01101, with prejudice, is hereby VACATED.

6. **VACATUR OF SUA SPONTE DISMISSAL.** The sua sponte dismissal with prejudice of Howard v. Borough of Carteret, Civil Action No. 2:26-cv-2346, entered as part of the April 28, 2026 Opinion and Order (D.E. 22), is hereby VACATED.

7. **REINSTATEMENT OF CIVIL ACTIONS.** Both Howard v. Ventola, Civil Action No. 2:26-cv-01101, and Howard v. Borough of Carteret, Civil Action No. 2:26-cv-2346, are hereby REINSTATED to the active docket of this Court.

8. **LEAVE TO AMEND.** Plaintiff Clayton M. Howard is hereby granted leave to file a Second Amended Complaint in Howard v. Ventola, Civil Action No. 2:26-cv-01101, and in Howard v. Borough of Carteret, Civil Action No. 2:26-cv-2346, within thirty (30) days of the date of this Order. Plaintiff may, at his election, file a single consolidated amended complaint encompassing the claims in both actions, to be filed under the lower docket number 2:26-cv-01101.

9. **SCOPE OF AMENDMENT.** The Second Amended Complaint(s) shall incorporate, with greater specificity, the post-December 9, 2024 events and claims not previously litigated in Howard v. State of New Jersey, No. 2:24-cv-07661, including but not limited to: (a) claims arising from Defendant Hardaway's August 2025 media broadcast; (b) claims arising from the Carfagno dissolution proceedings, including the April 2025 petition, the September 2025 through January 2026 hearings before Judge Zunic, and the service failures therein; (c) claims arising from Judge Zunic's January 5–6, 2026 rulings denying discovery, excluding witnesses, and permitting unsworn witness testimony; (d) claims arising from the March 11, 2026 vacatur of Final Restraining Order FV-07-3579-22; and (e) claims arising from the retaliatory civil action ESX-L-008941-25.

10. **RESPONSIVE PLEADINGS.** Upon the filing of any Second Amended Complaint(s), Defendants shall have forty-five (45) days to answer, move, or otherwise respond.

11. **SERVICE.** Plaintiff shall serve a copy of this Order and any Second Amended Complaint(s) upon all Defendants, or their counsel of record where counsel has appeared, by ECF where available and by First Class U.S. Mail to the last known address of any party not receiving electronic service, within seven (7) days of filing.

12. **PRIOR MOTIONS.** All prior motions to dismiss, including Defendant Hardaway's Motion to Dismiss (D.E. ___), are hereby DENIED AS MOOT, without prejudice to renewal upon the filing of any Second Amended Complaint.

13. **CLERK'S DIRECTION.** The Clerk of Court is directed to reopen Civil Action No. 2:26-cv-01101 and Civil Action No. 2:26-cv-2346 and to restore both matters to the active docket.

_____

HON. SUSAN D. WIGENTON, U.S.D.J.

United States District Judge

District of New Jersey

Dated: _____

**Proposed Order Submitted By:**

_____

Clayton M. Howard
24 Orchard Street
Carteret, New Jersey 07008
(929) 781-7791
itsclaytonhoward@gmail.com
Plaintiff, Pro Se

Dated: May 11, 2026