CLAYTON M. HOWARD

24 Orchard Street

Carteret, New Jersey 07008

(929)781-7791

itsclaytonhoward@gmail.com

Plaintiff-Appellant, Pro Se

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLAYTON M. HOWARD, | District Court Case No. 2:26-cv-01101-SDW-SDA |
| Plaintiff-Appellant, | (Consolidated with No. 26-cv-2346) |
| vs. | |
| JENNA VENTOLA; | NOTICE OF APPEAL AND |
| CYNTHIA H. HARDAWAY, | JURISDICTIONAL STATEMENT |
| ESQ.; | (Assigned to the Hon. Susan D. |
| FRANCYNA EVINS; | Wigenton, U.S.D.J.) |
| JUDGE LORI A. GRIFA; | |
| JUDGE JOHN ZUNIC; | **NOTICE OF APPEAL** |
| ESSEX COUNTY;  et al., | |
| Defendants-Appellees. | |

COMES NOW Plaintiff-Appellant Clayton M. Howard, appearing pro se, and hereby gives notice pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A) and 28 U.S.C. Section 1291 that he appeals to the United States Court of Appeals for the Third Circuit from:

(1) The Opinion and Order entered by the Honorable Susan D. Wigenton, United States District Judge for the District of New Jersey, on April 28, 2026, granting Defendant Cynthia H. Hardaway's Motion to Dismiss and dismissing Case No. 2:26-cv-01101-SDW-SDA with prejudice on res judicata grounds and without leave to amend; and

(2) The Order entered by the Honorable Susan D. Wigenton on April 28, 2026, sua sponte dismissing Case No. 2:26-cv-2346 with prejudice pursuant to 28 U.S.C. Section 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6).

Both orders are final orders from which an appeal lies as a matter of right under 28 U.S.C. Section 1291. This Notice of Appeal is timely filed within thirty (30) days of entry of the April 28, 2026 judgment. Fed. R. App. P. 4(a)(1)(A).

## JURISDICTIONAL STATEMENT

The District Court had subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331 (federal question), 28 U.S.C. Section 1343 (civil rights), and 42 U.S.C. Section 1983, as this case arises under the First, Fourth, and Fourteenth Amendments to the United States Constitution. Supplemental jurisdiction over state law claims existed under 28 U.S.C. Section 1367.

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. Section 1291, as the April 28, 2026 orders constitute final decisions disposing of all claims against all defendants in both consolidated actions. This appeal is timely under Federal Rule of Appellate Procedure 4(a)(1)(A).

## STATEMENT OF THE CASE
## PROCEDURAL HISTORY

1. On February 2, 2026, Plaintiff-Appellant Clayton M. Howard filed a pro se civil rights complaint in the United States District Court for the District of New Jersey (No. 2:26-cv-01101-SDW-SDA) asserting claims under 42 U.S.C. Sections 1983, 1985, and 1986, the First and Fourteenth Amendments to the United States Constitution, the Violence Against Women Act (42 U.S.C. Section 13981; 34 U.S.C. Section 12291(b)), the New Jersey Crime Victim's Bill of Rights (N.J.S.A. 52:4B-34 et seq.), New Jersey common law, and RICO predicates under 18 U.S.C. Section 1962.

2. A second action, Case No. 26-cv-2346 (Howard v. Borough of Carteret), was filed by Plaintiff in the same court asserting related civil rights claims arising from the Borough of Carteret's systematic refusal to enforce Final Restraining Order FV-07-003579-22 protecting Plaintiff from Defendant Francyna Evins.

3. On April 5, 2026, Defendant Cynthia H. Hardaway, Esq., filed a pro se Motion to Dismiss. Plaintiff timely filed his Brief in Opposition on April 15, 2026.

4. On April 28, 2026, the District Court (Wigenton, J.) issued an Opinion and Order granting the motion to dismiss in Case No. 26-cv-1101 with prejudice on res judicata grounds, and simultaneously sua sponte dismissing Case No. 26-cv-2346 with prejudice. The court denied leave to amend in both actions.

5. Both matters are now fully closed. This timely appeal follows.

## FACTUAL BACKGROUND

6. Plaintiff Clayton M. Howard is a male domestic violence victim who obtained Final Restraining Order FV-07-003579-22 against Defendant Francyna Evins on December 1, 2022, following a full merits hearing in Essex County Superior Court, Family Part. The issuing judge found Plaintiff's evidence sufficient to justify a permanent, lifelong no-contact order with a 1,000-foot stay-away provision.

7. Following entry of the FRO, Evins, represented throughout by co-Defendant Cynthia Hardaway, Esq., engaged in a sustained, multi-year campaign to vacate the FRO and to discredit Plaintiff across multiple judicial forums. That campaign involved: retaliatory criminal filings against Plaintiff in New York and New Jersey within days of the FRO (2022); the manufacture of a YouTube channel attributed to Plaintiff containing over 300 AI-altered videos depicting him as threatening and mentally unstable; the submission of an altered public record falsely indicating Plaintiff had a diagnosed mental illness (2023-2024); Hardaway's March 26, 2024 email distributing that falsified material to Essex County prosecutors and the trial court; and the filing of a Carfagno motion in April 2025 predicated on fabricated photographic evidence and perjured testimony, ultimately resulting in the March 11, 2026 vacatur of Plaintiff's protective order.

8. The prior federal action, Howard v. State of New Jersey, et al., No. 24-cv-7661, was filed in 2024 and addressed events spanning October 2022 through approximately May 2024. That complaint focused on: Evins' retaliatory criminal filings following the FRO (2022); the Carteret Police Department's systematic refusal to enforce the FRO; Ventola's failure to protect Plaintiff's victim rights throughout the Essex County criminal prosecution of Evins

(2023-2024); and Hardaway's March 26, 2024 email distributing falsified records to prosecutors. Howard I was dismissed with prejudice on June 6, 2025, on immunity and entity liability grounds: the State on Eleventh Amendment immunity, Ventola on prosecutorial immunity, and judicial defendants on judicial immunity.

9. The 2026 complaint underlying this appeal challenges fundamentally different conduct that either did not exist or had not yet accrued when Howard I was filed:

   a. The Carfagno motion filed by Hardaway on Evins' behalf in April 2025, an entirely new and independent proceeding in Essex County Superior Court, Family Part;

   b. The submission of fabricated photographic evidence during the FRO vacatur proceedings in 2025-2026, a specific act of evidence fabrication occurring entirely after Howard I was filed;

   c. The presentation of perjured testimony during Carfagno hearings before Defendant Judge John Zunic in September and October 2025 and January 2026;

   d. Defendant Zunic's September 5, 2025 personal observation of Evins committing perjury in open court and his deliberate failure to report it as mandated by N.J.S.A. 2C:28-1(c);

   e. Defendant Zunic's January 5, 2026 false statement on the record that Plaintiff had "no right to discovery" in FRO proceedings, contrary to N.J. Court Rule 5:3-5(a);

   f. Defendant Zunic's denial of Plaintiff's constitutional right to present witnesses, in violation of Washington v. Texas, 388 U.S. 14, 19 (1967);

   g. The March 11, 2026 vacatur of FRO FV-07-003579-22, occurring fifteen months after Howard I was filed, permanently eliminating Plaintiff's protective order;

   h. Hardaway's August 2025 public media broadcast on social media platform "That Girl Henny" disclosing confidential Prevention of Domestic Violence Act proceedings in violation of N.J.S.A. 2C:25-33 and N.J. Court Rule 1:38-3(d)(9) while actively representing Evins in the pending FRO vacatur proceeding;

   i. The filing of Essex County Superior Court state action ESX-L-008941-25 by Hardaway and Evins against Plaintiff in 2026, constituting new retaliatory litigation; and

   j. Hardaway's April 5, 2026 federal court filing containing publicly-filed defamatory characterizations of Plaintiff made with actual knowledge that Evins' own sworn court admissions contradict them.

10. None of the foregoing events existed, had occurred, or could have been pleaded in the prior 2024 action. They are new events occurring in new proceedings, before new tribunals, causing new and distinct injuries, primarily the permanent loss of Plaintiff's protective order on March 11, 2026.

STATEMENT OF ISSUES PRESENTED FOR APPEAL

ISSUE I:

WHETHER THE DISTRICT COURT COMMITTED REVERSIBLE ERROR BY APPLYING RES JUDICATA TO BAR CLAIMS THAT HAD NOT YET ACCRUED WHEN THE PRIOR ACTION WAS FILED, IN CONTRAVENTION OF THE THIRD CIRCUIT'S HOLDING IN *DAVIS v. WELLS FARGO*, 824 F.3d 333, 341 (3d Cir. 2016), THAT CLAIMS ARISING FROM EVENTS THAT POSTDATE THE PRIOR COMPLAINT CANNOT BE PRECLUDED.

ISSUE II:

WHETHER THE DISTRICT COURT COMMITTED REVERSIBLE ERROR BY APPLYING AN OVERBROAD TRANSACTIONAL NUCLEUS TEST THAT COLLAPSED DISTINCT PROCEEDINGS, DISTINCT FORUMS, DISTINCT EVIDENTIARY ACTS, AND DISTINCT INJURIES INTO A SINGLE PRECLUSIVE NUCLEUS, IN VIOLATION OF THE THIRD CIRCUIT'S HOLDINGS IN *ELKADRAWY v. VANGUARD GROUP, INC.*, 584 F.3d 169 (3d Cir. 2009), AND *IN RE INSURANCE BROKERAGE ANTITRUST LITIGATION*, 618 F.3d 300 (3d Cir. 2010).

ISSUE III:

WHETHER THE DISTRICT COURT COMMITTED REVERSIBLE ERROR BY DISMISSING WITH PREJUDICE WITHOUT GRANTING LEAVE TO AMEND, IN VIOLATION OF THE THIRD CIRCUIT'S HOLDING IN *GRAYSON v. MAYVIEW STATE HOSPITAL*, 293 F.3d 103 (3d Cir. 2002), WHICH REQUIRES A FINDING OF FUTILITY BEFORE DENYING A PRO SE PLAINTIFF LEAVE TO AMEND.

ISSUE IV:

WHETHER THE DISTRICT COURT COMMITTED REVERSIBLE ERROR BY TREATING AN IMMUNITY-BASED DISMISSAL IN HOWARD I AS A MERITS ADJUDICATION WITH FULL PRECLUSIVE EFFECT, WHEN A DISMISSAL ON

IMMUNITY GROUNDS DOES NOT CONSTITUTE AN ADJUDICATION ON THE MERITS OF THE UNDERLYING CONSTITUTIONAL CLAIMS.

ISSUE V:

WHETHER THE DISTRICT COURT COMMITTED REVERSIBLE ERROR BY SUA SPONTE DISMISSING CASE NO. 26-cv-2346 (HOWARD v. BOROUGH OF CARTERET) WITH PREJUDICE UNDER 28 U.S.C. SECTION 1915(e)(2)(B) WITHOUT AFFORDING PLAINTIFF THE OPPORTUNITY TO BE HEARD ON THAT DISMISSAL.

ARGUMENT IN SUPPORT OF APPEAL

ARGUMENT

The District Court's April 28, 2026 Opinion must be reversed on multiple independent grounds, each of which is supported by binding Third Circuit precedent. The core error pervading the entire ruling is the court's failure to recognize that claims arising from events that had not yet occurred when Howard I was filed cannot be barred by the dismissal of Howard I. This is settled law in the Third Circuit and dispositive of this appeal.

A. The District Court's Application of Res Judicata Was Legally Erroneous Under *Davis v. Wells Fargo* Because the 2026 Claims Had Not Accrued When Howard I Was Filed.

The cornerstone of the District Court's error is its treatment of claims arising from events that occurred in 2025 and 2026 as if those claims could and should have been raised in the 2024 federal complaint. This analysis is fundamentally incompatible with controlling Third Circuit authority.

In *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016), the Third Circuit expressly held that "claims which were not ripe when the first action was filed" cannot be barred by a prior judgment. A plaintiff has no obligation to raise a claim before the claim exists. The rule is elemental: res judicata forecloses claims that "could have been brought" in the prior action. A claim cannot "be brought" until it accrues — and a claim does not accrue until the underlying injury actually occurs.

The temporal record here is dispositive. Howard I was filed in 2024 and dismissed on June 6, 2025. Every core claim in the 2026 complaint arises from events that occurred after the filing of Howard I:

The Carfagno motion was filed in April 2025, more than one year after Howard I. The fabricated photographic evidence was submitted in FRO vacatur hearings held in September-October 2025 and January 2026. The perjury personally witnessed by Defendant Zunic occurred on September 5, 2025. Defendant Zunic's false statement that Plaintiff had "no right to discovery" was made on January 5, 2026. The March 11, 2026 FRO vacatur, which is the primary injury of the 2026 action, the permanent elimination of Plaintiff's protective order, occurred fifteen months after Howard I was filed. Hardaway's public media disclosure of confidential PDVA proceedings occurred in August 2025. The retaliatory state court action (ESX-L-008941-25) was filed in 2026.

None of these events, proceedings, witnesses, or injuries existed when Howard I was filed. There is no legal theory under which a plaintiff can be required to have pled claims that had not yet accrued. The District Court's failure to engage with this threshold temporal analysis constitutes reversible legal error subject to de novo review on appeal. See *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 513 (3d Cir. 2012) ("We review a district court's grant of a motion to dismiss de novo.").

B. The District Court's Application of the Transactional Nucleus Test Was Overbroad and Irreconcilable with Third Circuit Precedent.

Even assuming some overlap in background parties, the District Court's application of the "same nucleus of operative facts" test was legally erroneous. The Third Circuit has carefully cabined this test to prevent it from swallowing every related subsequent action.
In *Elkadrawy v. Vanguard Group, Inc.*, 584 F.3d 169, 173 (3d Cir. 2009), the Third Circuit held that the nucleus-of-facts test looks to whether "the essential facts of the various claims are so related that they could conveniently be tried together." The phrase "could conveniently be tried together" is not satisfied simply because the same parties are involved, or because the same background conditions give rise to both actions. It requires substantial factual overlap between the specific transactions at issue.

In *In re Insurance Brokerage Antitrust Litigation*, 618 F.3d 300, 337 (3d Cir. 2010), the Third Circuit reaffirmed that the nucleus-of-facts test is a transactional inquiry: it looks to whether the same transaction or occurrence, not merely the same general relationship or dispute, underpins both actions.

Howard I and the 2026 action arise from different transactions:

Howard I: The core transaction was Evins' retaliatory criminal filings following the 2022 FRO, the Essex County criminal prosecution of State v. Evins (2023-2024), Ventola's prosecutorial misconduct during that proceeding, the Carteret Police Department's refusal to enforce the FRO (2022-2024), and Hardaway's March 2024 email to prosecutors. The legal proceedings at issue were the Essex County criminal court, the Carteret Municipal Court, and related law enforcement actions.

The 2026 action: The core transaction is the entirely separate Carfagno FRO vacatur proceeding initiated in April 2025, held before a different judge (Zunic) in Essex County Family Part, resulting in a different judgment (the March 11, 2026 FRO vacatur), and causing a qualitatively different and more severe injury (permanent loss of a protective order) than anything at issue in Howard I. The fabricated evidence at issue in the 2026 action was fabricated photographic evidence submitted in 2025-2026, a different evidentiary act from the falsified mental health records at issue in Howard I. The new defendants added in the 2026 action (Judge Zunic; the Borough of Carteret as to post-2024 non-enforcement) were acting in proceedings that did not exist when Howard I was filed.

These are different proceedings, different forums, different evidence, different actors, different decisions, and different injuries. Collapsing them into one "nucleus" for res judicata purposes does not reflect a transactional analysis; it reflects the impermissible use of shared background to preclude a distinct subsequent lawsuit. The Third Circuit's precedent prohibits this result.

C. The District Court's Denial of Leave to Amend Without a Futility Finding Was Independently Reversible Under *Grayson v. Mayview State Hospital*.

The Third Circuit has squarely and repeatedly held that a district court commits reversible error when it dismisses a pro se civil rights complaint with prejudice without providing the plaintiff an opportunity to amend and without finding that amendment would be futile.

In *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002), the Third Circuit held: "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." The court went on to hold that dismissal with prejudice of a pro se complaint, without granting leave to amend and without a finding of futility, is an abuse of discretion.

The District Court's April 28, 2026 Opinion makes no finding of futility with respect to any specific count of either complaint. The court's res judicata ruling operates as a categorical bar applied to the entirety of both complaints without engaging with the question of whether particular counts, or an amended complaint with a more precise factual delineation of post-Howard I events, could survive preclusion analysis. The denial of leave to amend in these circumstances is an independent ground for reversal.

This error was flagged in Plaintiff's opposition brief, which expressly requested leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2) in the event any count was found deficient. The District Court provided no response to this request and no finding of futility.

The Third Circuit's precedent under Grayson and its progeny requires reversal on this ground alone. See also *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) ("If a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile.").

D. The District Court Erred in Treating an Immunity-Based Dismissal as a Full Merits Adjudication With Preclusive Effect Over Post-Accrual Constitutional Claims.

Res judicata requires a "final judgment on the merits." *Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc*., 998 F.2d 1192, 1194 (3d Cir. 1993). The dismissal of Howard I was not a merits adjudication of Plaintiff's underlying constitutional claims. It was a threshold immunity ruling. The State of New Jersey was dismissed on Eleventh

Amendment grounds. Ventola was dismissed on prosecutorial immunity. Judicial defendants were dismissed on judicial immunity. The Essex County Prosecutor's Office was dismissed on the ground that it is not a suable entity under Section 1983.

None of these rulings constituted a determination that the underlying conduct did not occur, that Plaintiff was not harmed, or that the constitutional violations he alleged were legally insufficient on their facts. An immunity dismissal means only that particular defendants cannot be sued in a particular procedural posture; it does not mean that no actionable wrong occurred, and it does not bar a subsequent action against different defendants, or the same defendants asserting new wrongs in a different proceeding, for distinct post-accrual misconduct.

To apply the full preclusive force of a final merits judgment to an immunity dismissal, and then to extend that inflated preclusive effect to entirely new claims arising from post-filing events, compounds two separate legal errors into a result that cannot be squared with the requirements of due process. A plaintiff cannot be permanently foreclosed from federal court for constitutional violations that occurred years after his prior case was dismissed, based on a dismissal that never reached the merits of his underlying claims.

E. The Sua Sponte Dismissal of Case No. 26-cv-2346 Without Notice or Opportunity to Be Heard Constituted a Violation of Plaintiff's Due Process Rights and an Abuse of Discretion.

The District Court dismissed Case No. 26-cv-2346 (Howard v. Borough of Carteret) sua sponte under 28 U.S.C. Section 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6) without any motion from the defendants in that action, without affording Plaintiff notice that the court was contemplating dismissal, and without any opportunity for Plaintiff to be heard.

The Third Circuit has recognized that sua sponte dismissal under Section 1915 must be exercised with care and that, particularly where the dismissal is with prejudice, the court must at minimum identify the legal basis for dismissal and, where feasible, provide the plaintiff an opportunity to cure deficiencies before entering a final adverse judgment. See *Grayson*, 293 F.3d at 110-11. The sua sponte dismissal of Case No. 26-cv-2346 with prejudice, without notice, without hearing, and without any engagement with the specific claims against the Borough of Carteret, including its documented refusal over multiple years to enforce a valid

state court FRO protecting a domestic violence victim, denied Plaintiff the most basic procedural protections that accompany a final adverse judgment.

F. The District Court's Ruling, if Affirmed, Would Create an Unconstitutional Paradox: A Plaintiff Who Loses on Immunity Grounds Is Permanently Barred From Federal Court for All Future Misconduct by the Same Officials.

The logical consequence of the District Court's ruling, applied broadly, would mean that any plaintiff who loses a Section 1983 action on immunity grounds is permanently barred from filing any subsequent federal civil rights claim against any official whose background facts overlap with the prior case, regardless of when new wrongs occur, how different the proceedings are, or how severe the new injuries are. This consequence is not the law. It cannot be the law, because it would effectively grant blanket immunity to state officials who successfully invoke immunity in an initial case, insulating them from federal accountability for all future misconduct in perpetuity.

The Third Circuit's decisions in *Davis v. Wells Fargo*, *Grayson, Elkadrawy*, and *In re Insurance Brokerage* collectively prevent this result. This Court should reverse the District Court and reinstate both actions for further proceedings.

## RELIEF REQUESTED

For the foregoing reasons, Plaintiff-Appellant Clayton M. Howard respectfully requests that this Court:

WHEREFORE, Plaintiff-Appellant respectfully requests that the United States Court of Appeals for the Third Circuit:

1. REVERSE the District Court's April 28, 2026 Order dismissing Case No. 2:26-cv-01101-SDW-SDA with prejudice on res judicata grounds;

2. REVERSE the District Court's April 28, 2026 Order sua sponte dismissing Case No. 26-cv-2346 with prejudice;

3. REMAND both cases to the District Court with instructions to:

    a. Reinstate Case No. 2:26-cv-01101-SDW-SDA and permit the action to proceed past the pleading stage;

    b. Reinstate Case No. 26-cv-2346 and afford Plaintiff an opportunity to be heard before any further adverse ruling;

c.  Grant Plaintiff leave to file an amended complaint in the event the Court identifies any specific pleading deficiency warranting amendment rather than dismissal; and

d.  Apply the correct temporal res judicata analysis consistent with *Davis v. Wells Fargo*, 824 F.3d 333 (3d Cir. 2016), limiting preclusion to claims that had actually accrued at the time of the prior action.

4.  Grant such other and further relief as this Court deems just and appropriate.

Date: May 12, 2026

Respectfully submitted,

*Clayton Howard*

Clayton M. Howard

Plaintiff-Appellant, Pro Se

24 Orchard Street

Carteret New Jersey 07008

(929)781-7791

itsclaytonhoward@gmail.com

CERTIFICATE OF SERVICE

I, Clayton M. Howard, hereby certify that on the date indicated above, I caused a true and correct copy of this Notice of Appeal and Jurisdictional Statement to be served upon all counsel of record via the Court's Electronic Case Filing (ECF) system and/or by First-Class United States Mail, postage prepaid, addressed to:

Cynthia H. Hardaway, Esq. @chardawayesq@verizon.net, 17 Washington Street, Montclair, New Jersey 07042

Counsel for all other Defendants-Appellees [Addresses on file with the Court]

*Clayton Howard*

Clayton M. Howard Plaintiff-Appellant, Pro Se

Date: May 12, 2026