

| | **State of New Jersey** | |
|---|---|---|
| MIKIE SHERRILL<br>*Governor*<br>DR. DALE G. CALDWELL<br>*Lt. Governor* | DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW<br>25 MARKET STREET<br>PO BOX 112<br>TRENTON, NJ 08625 | JENNIFER DAVENPORT<br>*Attorney General*<br>MICHAEL C. WALTERS<br>Director |

July 27, 2026

**<u>Via CM/ECF</u>**
The Hon. Susan D. Wigenton, U.S.D.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

> **Re:** ***Clayton Howard v. Jenna Ventola, et al.***
> **Docket No. 2:26-cv-01101**
>
> **Opposition to Plaintiff's Motion to Alter or Amend Judgment**
>
> **<u>Return Date: August 3, 2026</u>**

Dear Judge Wigenton:

This office represents Defendants State of New Jersey, the Hon. Sheila Venable, A.J.S.C. (ret.), the Hon. John Zunic, J.S.C., the Hon. Lori E. Grifa, J.S.C. and Essex County Assistant Prosecutor Jenna Ventola (collectively, the "State Defendants") in the above-referenced matter. Please accept this letter brief in lieu of a more formal brief in opposition to pro se plaintiff Clayton M. Howard's motion (ECC No. 24) to alter or amend the Court's order (ECF No. 22) dated April 28, 2026, dismissing the Complaint with prejudice.





The Hon. Susan D. Wigenton, U.S.D.J.
July 27, 2026
Page 2

The motion should be denied because the Court did not commit a clear error of law nor was their April 28, 2026 decision unjust. First, the Court did not err in dismissing Plaintiff's Complaint with prejudice on the basis of *res judicata*. Moreover, the Court did not mischaracterize its decision in *Howard I* as a final judgment on the merits and was not required to conduct a futility analysis.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On February 2, 2026, Plaintiff initiated this action by filing a Complaint (ECF No. 1) against the State Defendants, as well as Essex County and private citizens Francyna Evins and her attorney, Cynthia H. Hardaway, Esq.  On March 10, 2026, Plaintiff filed an Amended Complaint (ECF No. 11), which is the operative pleading.

In the Amended Complaint, Plaintiff alleges that, on December 1, 2022, the Superior Court of New Jersey entered a domestic violence Final Restraining Order ("FRO") in *Howard v. Evins*, Docket No. FV-07-3579-22, against Ms. Evins that prohibited Ms. Evins from contacting Plaintiff or posting about or referring to him on social media. *See* Amended Complaint ("Am. Compl."), at ¶¶ 18, 19.  Plaintiff alleges that, in January 2024, Ms. Evins, at the behest of her attorney, Ms. Hardaway, posted "third-party court transcripts belonging to an entirely different individual, alleging he [Plaintiff] was mentally ill and received SSI benefits."[1] *See id*. at ¶¶ 24,

---

[1] More specifically, Plaintiff alleges that, from February 2023 to now, Ms. Evins

The Hon. Susan D. Wigenton, U.S.D.J.
July 27, 2026
Page 3

25.  Plaintiff accuses Ms. Evins and Ms. Hardaway of fabricating social media posts that purported to have been made by Plaintiff to make it appear that Plaintiff was harassing Ms. Evins.  *See id.* at ¶¶ 25, 26.

Plaintiff alleges that, on March 27, 2024, Asst. Prosecutor Ventola filed a domestic violence complaint against Plaintiff, accusing him of the cyber harassment of Ms. Evins. *See id.* at ¶ 28.  Plaintiff alleges Asst. Prosecutor Ventola knew or should have known that the accusations made by Ms. Evins were false because he told Asst. Prosecutor Ventola that Ms. Evins had falsified his "YouTube content," email server logs and social media platform data contradicted Ms. Evins' allegations, a "forensic examination" would have revealed "obvious signs of manipulation," and he had previously reported that Ms. Evins had violated the FRO against her. *See id.* at ¶ 29.  Plaintiff alleges Asst. Prosecutor Ventola "felt personally insulted after Defendant Hardaway and Defendant Evins informed her Plaintiff had referred to her as a 'white racist bitch.'" *See id.*  Plaintiff accuses Asst. Prosecutor Ventola of not properly responding to his allegations that Ms. Evins violated the FRO against her. *See id.*

Plaintiff alleges that a complaint was filed in *Ventola v. Howard*, Docket No.

---

filed a "fraudulent *Carfagno v. Carfagno* petition . . . using a third-party New York State transcript to falsely allege that Plaintiff was schizophrenic and receiving SSI disability benefits." *See id*. at ¶ 36.

The Hon. Susan D. Wigenton, U.S.D.J.
July 27, 2026
Page 4

FV-07-3243-24, against him for harassing Asst. Prosecutor Ventola. *See id.* at ¶¶ 30, 31, 108.  The matter was assigned to Judge Grifa and trial was held on May 8, 2024, attended by Asst. Prosecutor Ventola's "mother, husband, brother, father and several members of the Essex County Prosecutor's Office." *See id.* at ¶¶ 31-32. Plaintiff alleges that, over his objections, Judge Grifa allowed Asst. Prosecutor Ventola to present fabricated evidence against him that was fabricated by Ms. Evins, including social media posts in which Plaintiff allegedly criticized the Essex County Prosecutor's Office, which Plaintiff contends were protected by the First Amendment. *See id.* at ¶¶ 33, 34.  Plaintiff alleges that, on June 25, 2024, Judge Grifa found him guilty of cyber harassment and contempt of court, and issued a FRO prohibiting him from contacting Asst. Prosecutor Ventola or speaking about Ventola's "misconduct," posting about domestic violence issues on social media, criticizing the Prosecutor's Office, or making statements "construed as critical of the judicial system," and ordered him to "remove protected free speech criticizing the [Prosecutor's Office]" and "remove all existing social media posts about his case." *See id.* at ¶ 35.

Meanwhile, in the domestic violence matter for the harassment of Ms. Evins, Plaintiff alleges that, on September 5, 2025, Judge Zunic ordered Ms. Hardaway to serve a "*Carfagno* petition" on Plaintiff's then-attorney, Jared Geist, Esq. *See id.* at

The Hon. Susan D. Wigenton, U.S.D.J.
July 27, 2026
Page 5

¶ 45.  During a hearing that day before Judge Zunic, Ms. Evins allegedly testified that she "deleted defamatory YouTube content containing fabricated mental health documents," which Plaintiff disproved. *See id.* at ¶ 46.  Plaintiff alleges that Judge Zunic did not refer Ms. Evins to be prosecuted for perjury. *See id.* at ¶ 47.  Plaintiff alleges that Ms. Hardaway failed to serve him with the *Carfagno* petition, but Judge Zunic did not dismiss the case. See id. at ¶ 48.

Plaintiff alleges that Judge Zunic denied his attorney's request for discovery at a January 5, 2026 hearing. *See id.* at ¶ 49.  Plaintiff further alleges that Judge Zunic barred the testimony of one of Plaintiff's witness and severely limited the testimony of a second witness concerning Ms. Evins's harassment and fabricated evidence, and improperly permitted Ms. Hardaway to act as both advocate and witness. *See id.* at ¶¶ 50, 51.

Plaintiff alleges that, on January 12, 2026, he filed a motion to recuse Judge Zunic. *See id.* at ¶ 53.  Plaintiff alleges that Judge Venable denied the motion on grounds that it inappropriately sought to "overturn the decisions of other judges." *See id.* at ¶ 54.  Less than a month later, on February 2, 2026, Plaintiff initiated this action by filing the Complaint.

In the Amended Complaint, Plaintiff brings federal civil rights claims under 42 U.S.C. § 1983 against Asst. Prosecutor Ventola, Judge Grifa, Judge Zunic and

The Hon. Susan D. Wigenton, U.S.D.J.
July 27, 2026
Page 6

Judge Venable for conspiracy to violate civil rights under the First and Fourteenth Amendments (Count I); malicious prosecution in violation of the Fourth Amendment and fabrication of evidence in violation of the Fourteenth Amendment Due Process Clause (Count II); failure to intervene (Count IV); denial of equal protection and selective enforcement and discriminatory denial of crime victim rights (Count V); *Monell*[1] municipal liability (Count VI); and a claim under 42 U.S.C. § 1985 for conspiracy to obstruct justice and intimidate a party and witness, allegedly because Plaintiff was a "named victim and cooperating witness" in a proceeding in the District Court for the Southern District of New York, *United States v. Sean Combs*, Docket No. 24-CR-542.  Plaintiff also brings a state law claim including a claim under the New Jersey Civil Rights Act, N.J. Stat. Ann. §§ 10:6-1 to -2, for violations of his rights under the New Jersey Constitution (Count VII); violation of the New Jersey Crime Victims Bill of Rights (Count VIII); malicious abuse and use of process (Count IX); and intentional infliction of emotional distress (Count X).

On April 5, 2026, Ms. Hardaway filed a motion to dismiss (ECF No. 15). On April 27, 2026, this office filed a waiver of service for the State Defendants (ECF No. 21).  By Order and Opinion dated April 28, 2026 (ECF Nos. 21, 22), the Court

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

The Hon. Susan D. Wigenton, U.S.D.J.
July 27, 2026
Page 7

granted Ms. Hardaway's motion to dismiss, reviewed *sua sponte* Plaintiff's claims against the State Defendants, and determined that they too should also be dismissed as barred.

The Court's opinion addressed Plaintiff's claims in three actions, *Howard v. State of New Jersey* (*Howard I*), Docket No. 24-cv-7661, the instant case, *Howard v. Ventola, et al.* (*Howard II*), Docket No. 26-cv-1101, and *Howard v. Borough of Carteret, et al.* (*Howard III*), Docket No. 26-cv-2346. The Court observed that "all three matters concern multiple state court cases brought by or against Defendant Francyna Evins, Plaintiff's ex-girlfriend, and complain of the manner in which prosecutors, judges, attorneys, law enforcement officers, and other administrative personnel have handled said matters." *See* Opinion dated April 28, 2026 ("Op.") (ECF No. 22), at 2. *Howard I* was filed in July 2024. In June 2025, the Court dismissed the Complaint and Plaintiff's claims against Asst. Prosecutor Ventola and the co-defendants with prejudice on grounds including sovereign, judicial and prosecutorial immunity and failure to state a claim. *See id.* (citing *Howard I*, 2025 WL 1667384 (D.N.J. June 6, 2025)).

Meanwhile, in February 2026, Plaintiff filed *Howard II* (the instant action). The Court noted that defendants include Ms. Evins and Ms. Hardaway, Asst. Prosecutor Ventola, and judges, some of whom were also sued in *Howard I*. *See id.*

The Hon. Susan D. Wigenton, U.S.D.J.
July 27, 2026
Page 8

In March 2026, Plaintiff filed *Howard III* against "municipal officials, prosecutors, law enforcement officers" and private parties whom Plaintiff alleges "weaponized the courts of Carteret and New Brunswick to prosecute Plaintiff across multiple jurisdictions." *See id.* at 3.  The Court noted that *Howard III* features several of the same defendants sued in *Howard I* and *Howard II*. *See id.*

The Court found that the Court's June 6, 2025 decision in *Howard I* is a final judgment for purposes of *res judicata* and because Plaintiff's claims in *Howard I* and *Howard II* could have been raised in *Howard I*, Plaintiff's claims in *Howard II* and *Howard III* should be dismissed. *See id.* at 4-5.  The Court explained its reasoning as follows:

> First, this Court previously adjudicated the merits of Plaintiff's Complaint in *Howard I*, determining that his 42 U.S.C. §§ 1983, 1985, 1986 and New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-2 et. seq. claims were either barred by an immunity doctrine or insufficiently pled and ultimately dismissing the matter with prejudice. *See Howard I*, 2025 WL 3786537, at *4.
>
> Second, many of the Defendants in *Howard II* and *III* are the same as those in *Howard I*. (*Compare Howard I*, D.E. 16 at 1–4 (the State of New Jersey, the Essex County Prosecutor's Office, Jenna Ventola, Francyna Evins, Cynthia Hardaway, Johnathan Defelice, Judge Allen Cumba, and the Carteret Police Department), *with Howard II*, D.E. 11 at 3, 6–7 (Jenna Ventola, Francyna Evins, Cynthia Hardaway, Essex County, and the State of New Jersey), *and Howard III*, D.E. 1 at 2–3 (Francyna Evins, Johnathan Defelice, Alan Cumba, the State of New Jersey, and the Borough of Carteret).) Although some Defendants were not previously sued, these new Defendants are closely related, overlapping institutional actors, evincing an attempt to circumvent the

The Hon. Susan D. Wigenton, U.S.D.J.
July 27, 2026
Page 9

> preclusive effect of this Court's prior ruling. The differences in defendants across the three cases are immaterial for purposes of *res judicata*. *See Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3d Cir. 1972) ("[R]*es judicata* may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants."); *see also Oauziz v. Murphy*, No. 23-2696, 2024 WL 397708, at *5 (D.N.J. Feb. 2, 2024) (finding *res judicata* applicable where the plaintiff merely added additional defendants he claimed participated in the conspiracy alleged in the initial action to subsequent case).

> Lastly, by Plaintiff's own admission, the claims presented across all three cases are based on the same underlying facts—Plaintiff's treatment in multiple New Jersey state court cases following the rupture of his relationship with his former romantic partner.

> [Op. at 5-6.]

Although Plaintiff in *Howard II* brings new factual allegations and legal theories that occurred after the Court's decision in *Howard I*, the Court found that, as Plaintiff himself admitted, he was  asserting civil rights violations "from a criminal conspiracy orchestrated by state actors and private parties… through a coordinated scheme of witness tampering, obstruction of justice, malicious prosecution and systematic denial of domestic violence protections from 2023 through the present." *See id.* at 2.  Thus, Plaintiff's claims in *Howard II* overlapped with his claims in *Howard I*, and thus were subject to *res judicata*.

On May 12, 2026, Plaintiff filed a motion to alter or amend the Court's April 28, 2026 Order. *See* ECF Nos. 22-24. On the same date, Plaintiff appealed the

The Hon. Susan D. Wigenton, U.S.D.J.
July 27, 2026
Page 10

Court's April 28, 2026 Order to the United States Court of Appeals for the Third Circuit, which is docketed 26-2184. *See* ECF No. 25. On May 19, 2026, the Third Circuit stayed Plaintiff's appeal pending the Court's decision on the instant motion to alter or amend judgment. On July 8, 2026, the undersigned filed a letter requesting an extension to respond to Plaintiff's motion, which was granted by this Court. *See* ECF Nos. 31-32.

## ARGUMENT

### PLAINTIFF'S MOTION TO ALTER OR AMEND APRIL 28, 2026 ORDER SHOULD BE DENIED BECAUSE THE COURT DID NOT COMMIT A CLEAR ERROR OF LAW NOR WAS ITS DECISION UNJUST.

Plaintiff's motion to alter or amend judgment should be denied because Plaintiff's allegations and assertions are insufficient to show a clear error of law or injustice in dismissing his Complaint with prejudice against the State Defendants.

"A motion to alter or amend a judgment is governed by Rule 59(e) of the Federal Rules of Civil Procedure . . . [.]" *Automec, Inc. v. STG Logistics, Inc.*, No. 24-00728, 2025 WL 3022567, at *1 (D.N.J. Oct. 29, 2025). "The scope of a motion for reconsideration . . . is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Reconsideration of a judgment after its entry is an extraordinary remedy." *NL Indus., Inc. v. Com. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). "'[A] judgment may be altered or amended [only] if the party seeking

The Hon. Susan D. Wigenton, U.S.D.J.
July 27, 2026
Page 11

reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Blystone*, 664 F.3d at 415 (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)).

"A court commits clear error of law 'only if the record cannot support the findings that led to that ruling.' " *Ojo v. Charles, et al.*, No. 23-22808, 2026 WL 1862261, at *1 (D.N.J. June 29, 2026) (quoting *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010)). "Thus, an individual 'must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling; it must demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed.'" *Ibid.* (quoting *ABS Brokerage Servs.*, 2010 WL 3257992, at *6.). "'[M]anifest injustice will generally arise only where 'the Court overlooked some dispositive factual or legal matter that was presented to it,' or committed a 'direct, obvious, and observable' error.'" *Ibid.* (quoting *Martinez v. Robinson*, No. 18-1493, 2019 WL 4918115, at *1 (D.N.J. Oct. 4, 2019)).

The Hon. Susan D. Wigenton, U.S.D.J.
July 27, 2026
Page 12

### A.    The Court Did Not Err In Dismissing the Complaint Based on *Res Judicata*.

Plaintiff argues that the Court erred in dismissing his Complaint as barred by *res judicata*. He emphasizes that his new factual allegations and legal theories in *Howard II* and *Howard III* arose after the Court entered final judgment in *Howard I* as some of the events that give rise to his new claims occurred in 2025 and 2026. However, the Court was correct in dismissing his claims under res judicata. As the Court noted in its Opinion, Plaintiff's claims in the instant action overlap with his claims that were dismissed in *Howard I*.  Plaintiff himself admits that his claims are centered around "a coordinated scheme of witness tampering, obstruction of justice, malicious prosecution, and systematic denial of domestic violence protections spanning from 2023 through the present." *See* Am. Compl., page 1. By Plaintiff's own admission, the claims presented across all three cases are based on the same underlying facts—Plaintiff's treatment in multiple New Jersey state court cases following the rupture of his relationship with his former romantic partner. *See* Op. at 6.  The State and Asst. Prosecutor Ventola were defendants in *Howard I*, as were Ms. Evins and Ms. Hardaway.  The Court found that, "[a]lthough some Defendants were not previously sued, these new Defendants are closely related, overlapping institutional actors, evincing an attempt to circumvent the preclusive effect of this Court's prior ruling. The differences in defendants across the three cases are

The Hon. Susan D. Wigenton, U.S.D.J.
July 27, 2026
Page 13

immaterial for purposes of res judicata." *Id.* (citing *Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3d Cir. 1972), and *Oauziz v. Murphy*, No. 23-2696, 2024 WL 397708, at *5 (D.N.J. Feb. 2, 2024)).

As the Third Circuit has held, *res judicata* analysis "does not depend on the specific legal theory invoked, but rather 'the essential similarity of the underlying events giving rise to the various legal claims.'" *Elkadrawy v. Vanguard Group, Inc.*, 563 F.3d 169, 173 (3d Cir. 2009) (quoting *Davis v. U.S. Steel Supply*, 688 F.2d 166, 171 (3d Cir.1982)). "'The focal points of [the] analysis are whether the acts complained of were the same, whether the material facts alleged in each suit were the same and whether the witnesses and documentation required to prove such allegations were the same.'" *Ibid.* (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir.1984)). Because Plaintiff's new factual allegations and legal theories arise from the same facts that were adjudicated in *Howard I*, the Court did not err in dismissing Plaintiff's complaint with prejudice.

**B.** **The Court Did Not Mischaracterize Its Decision in *Howard I* As a Final Judgment On the Merits And Was Not Required to Conduct a Futility Analysis.**

Next, Plaintiff argues the Court mischaracterized *Howard I* as a final judgment on the merits, for purposes of *res judicata*. Plaintiff alleges courts have recognized that dismissal based on immunity are not adjudications.  Also, Plaintiff

The Hon. Susan D. Wigenton, U.S.D.J.
July 27, 2026
Page 14

argues the Court was required to conduct a futility analysis before dismissing with prejudice. Plaintiff is wrong.

"A judgment is normally said to have been rendered 'on the merits only if it was 'delivered after the court . . . heard and evaluated the evidence and that parties' substantive arguments.'" *Johnson v. Williams*, 568 U.S. 289, 302 (2013) (citing *Black's Law Dictionary* 1199 (9th ed. 2009)). A dismissal with prejudice constitutes an adjudication on the merits for purposes of *res judicata*. *See Papera v. Pennsylvania Quarried Bluestone Co.*, 948 F.3d 607, 611 (3d Cir. 2020) (citing *Landon v. Hunt*, 977 F.2d 829, 832-33 (3d Cir. 1992)).

The Court did grounded its decision to dismiss *Howard I* primarily on the basis of immunity. In a footnote, the Court cited *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000), for the proposition that allowing Plaintiff to file an amended complaint would be futile. "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Ibid.* (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997)) (internal quotations omitted). "In assessing futility, the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). *Ibid.* "The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (internal

The Hon. Susan D. Wigenton, U.S.D.J.
July 27, 2026
Page 15

citations omitted).

In *Howard I*, the Court dismissed Plaintiff's claims based on Eleventh Amendment sovereign immunity, entity immunity, prosecutorial immunity, judicial immunity, failure to state a claim under Rule 12(b)(6), and failure to plead a plausible claim under Rule 8. *See* 2025 WL 1667384, at *2-4. While Eleventh Amendment sovereign immunity is a jurisdictional defense, prosecutorial and judicial immunity can be judgments on the merits when an amendment is futile. Plaintiff has no set of facts that overcome the State Defendants' immunity from his claims, thus, the Court did not mischaracterize dismissing Plaintiff's Complaint with prejudice. Moreover, the Court does not need to conduct a futility analysis when the decision is based on res judicata. *See Russomanno v. Dugan*, No. 20-12336, 2021 WL 1748135 (D.N.J. May 4, 2021), *aff'd*, No. 21-2004, 2021 WL 4075790 (3d Cir. Sept. 8, 2021).

For these reasons, the Court did not mischaracterize its April 28, 2026 decision and did not need to do a futility analysis as Plaintiff's Complaint was based on res judicata.

The Hon. Susan D. Wigenton, U.S.D.J.
July 27, 2026
Page 16

## **CONCLUSION**

For these reasons, Plaintiff's Motion to Amend or Alter Judgment should be

denied.

Respectfully submitted,

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

By:    /s/Edwardo Sanchez
Edwardo Sanchez
Deputy Attorney General

cc:    (via CM/ECF)
Clayton M. Howard, pro se
Cynthia H. Hardaway, Esq.