**CLAYTON M. HOWARD**

24 Orchard Street

Carteret, New Jersey 07008

(929) 781-7791

itsclaytonhoward@gmail.com

*Plaintiff, Pro Se*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CLAYTON M. HOWARD,**<br>*Plaintiff,*<br>v.<br>**JENNA VENTOLA, et al.,**<br>Defendants. | Civil Action No. 2:26-cv-01101 (SDW)(SDA)<br>(Related to No. 2:26-cv-02346 (SDW)(SDA))<br>**ORDER GRANTING PLAINTIFF'S MOTION TO SEAL** |

THIS MATTER having come before the Court on the motion of Plaintiff Clayton M. Howard, appearing pro se (ECF No. 35), for leave to file Exhibits R, S, U, and V to his Reply Brief in Further Support of his Motion to Alter or Amend Judgment under Fed. R. Civ. P. 59(e) (ECF No. 37), and the corresponding passages of that Reply Brief that quote those exhibits directly, under seal pursuant to Local Civil Rule 5.3; and the Court having considered Plaintiff's Notice of Motion, Brief in Support, Certification of Clayton M. Howard, and Index of Documents Proposed to Be Sealed; and pursuant to Local Civil Rule 5.3(c)(6), the Court makes the following findings of fact and conclusions of law:

## I. FINDINGS OF FACT

1. Plaintiff moves to seal four exhibits — Exhibits R, S, U, and V to his Reply Brief — together with the passages of the Reply Brief that quote those exhibits directly. Each exhibit is a verbatim excerpt of the official hearing transcript of *Howard v. Evins,* No. FV-07-3579-22, a domestic violence proceeding before the Honorable John Zunic, P.J.F.P., Superior Court of New Jersey, Chancery Division–Family Part, Essex Vicinage, conducted under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 *et seq.* The exhibits are identified as follows:

| Exhibit | Description | Source Proceeding / Docket | Hearing / Filing Date | Page:Line Excerpt |
|---|---|---|---|---|
| **R** | Verbatim excerpt of the official hearing transcript of a New Jersey domestic violence proceeding under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 et seq. | Howard v. Evins, No. FV-07-3579-22, N.J. Super. Ct., Ch. Div.–Fam. Part, Essex Vicinage (Hon. John Zunic, P.J.F.P.) | December 2, 2025 | 14:21–15:16 |
| **S** | Verbatim excerpt of the official hearing transcript of a New Jersey domestic violence proceeding under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 et seq. | Howard v. Evins, No. FV-07-3579-22, N.J. Super. Ct., Ch. Div.–Fam. Part, Essex Vicinage (Hon. John Zunic, P.J.F.P.) | January 5, 2026 | 120:6–9 and 188:1–9 |
| **U** | Verbatim excerpt of the official hearing transcript of a New Jersey domestic violence proceeding under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 et seq. | Howard v. Evins, No. FV-07-3579-22, N.J. Super. Ct., Ch. Div.–Fam. Part, Essex Vicinage (Hon. John Zunic, P.J.F.P.) | September 5, 2025 | 14:2–5 |
| **V** | Verbatim excerpt of the official hearing transcript of a New Jersey domestic violence proceeding under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 et seq. | Howard v. Evins, No. FV-07-3579-22, N.J. Super. Ct., Ch. Div.–Fam. Part, Essex Vicinage (Hon. John Zunic, P.J.F.P.) | January 29, 2026 | 13:25–14:2 |

*Each exhibit is further itemized by docket number, hearing date, and page-and-line range in the Index of Documents Proposed to Be Sealed submitted with the motion.*

2. The materials are records of a New Jersey domestic violence proceeding. By statute and Court Rule, New Jersey categorically excludes domestic violence records and reports maintained under N.J.S.A. 2C:25-33 from public access. N.J. Ct. R. 1:38-3(d)(9); N.J.S.A. 2C:25-33. Plaintiff and his counsel of record in FV-07-3579-22 lawfully possess the transcripts as parties to that matter.

3. Plaintiff does not seek to withhold the materials from the Court, from Defendants, or from Defendants' counsel. He seeks only to prevent their public disclosure on the Court's CM/ECF system, consistent with the confidentiality New Jersey law affords the same material in the court where it originated.

4. The Court finds, as to each of Exhibits R, S, U, and V, that the four factors of Local Civil Rule 5.3(c)(3) are satisfied as set forth in the following table:

| Exhibit | Nature of the Materials [5.3(c)(3)(a)] | Legitimate Private/Public Interest Warranting Sealing [5.3(c)(3)(b)] | Clearly Defined & Serious Injury Absent Sealing [5.3(c)(3)(c)] | Why No Less Restrictive Alternative Exists [5.3(c)(3)(d)] |
|---|---|---|---|---|
| **R** | Verbatim excerpt of the official hearing transcript of the confidential domestic violence proceeding Howard v. Evins, No. FV-07-3579-22 (Essex Vicinage), containing testimony and judicial rulings. | New Jersey categorically excludes domestic violence proceeding records, including hearing transcripts, from public access, regardless of content. N.J.S.A. 2C:25-33; N.J. Ct. R. 1:38-3(d)(9). The interest protects the privacy of every participant in the proceeding, including Defendant Evins. | Absent sealing, this excerpt — including testimony and rulings touching Plaintiff's mental health, the parties' history, and the underlying Final Restraining Order — would become permanently and publicly searchable on the Court's CM/ECF docket, in direct conflict with the confidentiality New Jersey law affords the same material in the court of origin. | Word-level redaction is not workable because the R. 1:38-3(d)(9) designation attaches to the record as a category, not to discrete identifiers. Plaintiff has minimized the request to the specific pages and lines cited, and has filed a public redacted Reply Brief describing the material in general terms. |
| **S** | Verbatim excerpt of the official hearing transcript of the confidential domestic violence proceeding Howard v. Evins, No. FV-07-3579-22 (Essex Vicinage), containing testimony and | New Jersey categorically excludes domestic violence proceeding records, including hearing transcripts, from public access, regardless of content. N.J.S.A. 2C:25-33; N.J. Ct. R. 1:38- | Absent sealing, this excerpt — including testimony and rulings touching Plaintiff's mental health, the parties' history, and the underlying Final Restraining Order — would become | Word-level redaction is not workable because the R. 1:38-3(d)(9) designation attaches to the record as a category, not to discrete identifiers. Plaintiff has minimized the request to the specific |

| Exhibit | Nature of the Materials [5.3(c)(3)(a)] | Legitimate Private/Public Interest Warranting Sealing [5.3(c)(3)(b)] | Clearly Defined & Serious Injury Absent Sealing [5.3(c)(3)(c)] | Why No Less Restrictive Alternative Exists [5.3(c)(3)(d)] |
| --- | --- | --- | --- | --- |
| | judicial rulings. | 3(d)(9). The interest protects the privacy of every participant in the proceeding, including Defendant Evins. | permanently and publicly searchable on the Court's CM/ECF docket, in direct conflict with the confidentiality New Jersey law affords the same material in the court of origin. | pages and lines cited, and has filed a public redacted Reply Brief describing the material in general terms. |
| **U** | Verbatim excerpt of the official hearing transcript of the confidential domestic violence proceeding Howard v. Evins, No. FV-07-3579-22 (Essex Vicinage), containing testimony and judicial rulings. | New Jersey categorically excludes domestic violence proceeding records, including hearing transcripts, from public access, regardless of content. N.J.S.A. 2C:25-33; N.J. Ct. R. 1:38-3(d)(9). The interest protects the privacy of every participant in the proceeding, including Defendant Evins. | Absent sealing, this excerpt — including testimony and rulings touching Plaintiff's mental health, the parties' history, and the underlying Final Restraining Order — would become permanently and publicly searchable on the Court's CM/ECF docket, in direct conflict with the confidentiality New Jersey law affords the same material in the court of origin. | Word-level redaction is not workable because the R. 1:38-3(d)(9) designation attaches to the record as a category, not to discrete identifiers. Plaintiff has minimized the request to the specific pages and lines cited, and has filed a public redacted Reply Brief describing the material in general terms. |
| **V** | Verbatim excerpt of the official hearing transcript of the confidential domestic violence proceeding Howard v. Evins, No. FV-07-3579-22 (Essex Vicinage), containing testimony and judicial rulings. | New Jersey categorically excludes domestic violence proceeding records, including hearing transcripts, from public access, regardless of content. N.J.S.A. 2C:25-33; N.J. Ct. R. 1:38-3(d)(9). The interest protects the privacy of every participant in the proceeding, including Defendant Evins. | Absent sealing, this excerpt — including testimony and rulings touching Plaintiff's mental health, the parties' history, and the underlying Final Restraining Order — would become permanently and publicly searchable on the Court's CM/ECF docket, in direct conflict with the confidentiality New Jersey law affords the same material in the court of origin. | Word-level redaction is not workable because the R. 1:38-3(d)(9) designation attaches to the record as a category, not to discrete identifiers. Plaintiff has minimized the request to the specific pages and lines cited, and has filed a public redacted Reply Brief describing the material in general terms. |

5. The relief requested is narrowly tailored. It reaches only the four identified exhibits and the discrete Reply Brief passages that quote them, and not the Reply Brief's arguments generally, the remainder of the record, or the docket as a whole. A publicly-filed redacted version of the Reply Brief remains on the public docket.

6. No party to this action has objected to the relief sought. Plaintiff has sought the position of Defendants' counsel pursuant to Local Civil Rule 5.3(c)(3), and, as of the date of this Order, no Defendant has interposed any objection.

   Defendants' consent was indicated by way of the letter filed at ECF No. 42.

## II. CONCLUSIONS OF LAW

7. Filings in this Court carry a presumptive right of public access, which may be rebutted where the interest in secrecy outweighs the presumption. *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.,* 924 F.3d 662, 672 (3d Cir. 2019); *see also Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786–91 (3d Cir. 1994). The party seeking to seal bears the burden of showing, with particularity, that the material is of a kind that courts will protect.
8. Local Civil Rule 5.3(c)(3) implements that standard, and the Court concludes that Plaintiff has satisfied each of its four elements — the nature of the materials, the legitimate private and public interest warranting sealing, the clearly defined and serious injury that would result absent sealing, and the absence of a workable less restrictive alternative — as to each of Exhibits R, S, U, and V, for the reasons set forth in the Findings of Fact above.
9. Giving effect to New Jersey's categorical designation of domestic violence proceeding records as confidential, N.J.S.A. 2C:25-33 and N.J. Ct. R. 1:38-3(d)(9), rather than permitting that designation to be defeated by the materials' incorporation into a public federal exhibit, serves a legitimate interest recognized by this Court's own Local Civil Rule 5.3. The interest in confidentiality outweighs the presumption of public access as to the four identified exhibits and the passages quoting them.

10. The requested sealing is the least restrictive means of protecting that interest, because the confidentiality designation attaches to the domestic violence record as a category and because Plaintiff has independently minimized the request and preserved public access to the substance of his argument through a redacted Reply Brief.

## III. ORDER

IT IS on this 28th day of August, 2026,

**ORDERED** that Plaintiff's Motion for Leave to File Exhibits Under Seal (ECF No. 35) is **GRANTED**; and it is further

**ORDERED** that Exhibits R, S, U, and V to Plaintiff's Reply Brief (ECF No. 37), and the corresponding passages of the Reply Brief that quote those exhibits directly, shall be filed and maintained **UNDER SEAL** on the docket of this action pursuant to Local Civil Rule 5.3; and it is further

**ORDERED** that the publicly-filed redacted version of Plaintiff's Reply Brief shall remain on the public docket.

**Hon. Stacey D. Adams, U.S.M.J.**